Thomas William BLAND, and United
States of America, Appellants,

v.

Johnny Burke BRITT, Appellee.

No. 7936.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 16, 1959.

Decided Oct. 19, 1959.

Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., and Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., on brief), for appellants.

John H. Manning, Raleigh, N. C. (Howard E. Manning, and Manning & Fulton, Raleigh, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

PER CURIAM.

Judgment for the plaintiff, Johnny B. Britt, in the amount of $140.00 was entered in the District Court against Thomas W. Bland, a Post Office employee, in his individual capacity, and against the United States. The action was one for damages to Britt's automobile caused by the negligence of Bland, while the latter was engaged in his duties as an employee of the United States Post Office Department. Both the United States and Bland appeal.

Britt's automobile was parked on the street beside a curb in Raleigh, North

Carolina, and Bland parked the mail truck behind Britt's automobile. After returning to the mail truck, Bland started the motor, released the brake, and before he could engage the clutch, the vehicle rolled forward and hit Britt's parked automobile. Britt's automobile thereupon rolled forward until it collided with another parked vehicle thirty-five to forty-three yards down the street, and was damaged.

Suit was brought against Bland, individually, as the only defendant. The complaint and summons were served on him alone. According to the prevailing custom, the answer was filed by the United States Attorney on behalf of Bland.

When the testimony was concluded, the court found Bland to have been negligent and Britt free from contributory negligence. The court also declared that the facts disclosed liability on the part of the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2674, and since Bland was represented by the United States Attorney the court gave Britt the option then and there of adding the United States as a co-defendant. Upon Britt's acceptance, the court added the United States as a party to the suit and entered judgment against it as well as against Bland.

 The principal contention of the Government is that the court was without jurisdiction to enter judgment against it, and this contention is well taken. The United States does not become a party to a suit because the Attorney General or a United States Attorney represents a federal employee sued individually. United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Land v. Dollar, 1946, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

Moreover, there was no service of summons and complaint upon the United States Attorney for the District in which the suit was brought, nor upon the Attorney General, both of which are required by Rule 4(d) (4) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The judgment against the Government is completely invalid, since it was not a party.

The appellants further contend that the evidence established conclusively the contributory negligence of the plaintiff in failing to set the brake of his automobile, and failing to turn the wheels toward the curb. The Judge's finding that the plaintiff "effectively parked," constitutes a rejection of both aspects of this contention and is warranted by the record. Certainly, it is not clearly erroneous.

Judgment as to the United States reversed; and affirmed as to Bland.