In the Matter of Johnetta
KEY, Debtor.

Bankruptcy No. 1–91–01790.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 3, 1991.

Jay Patterson, Columbus, Ohio, for plaintiff.

Robert A. Goering, Cincinnati, Ohio, for defendant.

## ORDER

J. VINCENT AUG, Jr., Bankruptcy Judge.

This Chapter 13 case is before the Court under the following circumstances:

The Debtor has filed a Chapter 13 plan calling for payment of 25% of her unsecured debt to her creditors over a period of 50 months. Included in her list of unsecured debts are two student loans totalling $9,515.00. The Debtor attached to her plan the following statement:

> The student loan(s) would be a hardship for the following reasons: The student loans were from Cambridge Institute (now bankrupt) from which debtor gained no benefit, and Southern Ohio College from which debtor has gained no benefit. Further, based on debtor's income, it would be a hardship to debtor to pay more than proposed in the plan.
>
> The confirmation of the plan shall constitute a finding that payment of more than the percentage provided for in the Plan would constitute a hardship under 11 U.S.C. § 523(a)(8)(B) and that any balance owing on the student loan after payment under the Plan, is discharged.

The State of Ohio Student Loan Commission has filed an objection to the confirmation of the proposed plan based on the Debtor's attempt to discharge the student loan debt in violation of Bankruptcy Code Sections 1328(a)(2) and 523(a)(8) and Bankruptcy Rules 7001(6) and 7003. At a confirmation hearing conducted June 17, 1991, the Court confirmed the Debtor's plan but held in abeyance the question of whether the confirmation of a percentage plan can have the effect of granting a hardship discharge as to the unpaid percentage of an otherwise nondischargeable student loan. We find that it cannot.

By amendment to the Bankruptcy Code enacted by the 101st Congress and effective November 5, 1990, Section 1328(a)(2) now reads:

> (a) [A]s soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
> (2) of the kind specified in paragraph (5) or (8) of section 523(a) or 523(a)(9) of this title.

Section 523(a)(8) provides that student loan debts are nondischargeable except under two circumstances: first, if the debt first became due more than seven years prior to the filing of the bankruptcy petition or, second, upon a showing that repayment of the loan would impose an undue hardship on the debtor or the debtor's dependents.

Under Bankruptcy Rule 4007(a), a debtor or any creditor may file a complaint to obtain the determination of the dischargeability of any debt. Under subdivision (e) of this rule, and under Rule 7001, a complaint to determine dischargeability of a debt triggers an adversary proceeding, with all attendant procedural requirements of federal court litigation.

The Debtor argues that § 1322(b)(10), which provides that a Chapter 13 plan may "include any other appropriate provision not inconsistent with this title," allows her to include any provision not inconsistent with Chapter 13. Since provisions for discharge are consistent with the philosophy behind bankruptcy laws, she submits, she should be permitted to include a discharge provision in her plan.

The Debtor's argument ignores certain fundamental principles. First, the Code already has discharge provisions that are specific to Chapter 13. Section 1328 provides that the court shall grant a discharge, *after completion of all payments under the plan,* except for those debts specifically excepted, i.e., student loans, alimony and child support, debts arising from operation of a motor vehicle while legally intoxicated, restitution included in a sentence resulting from a criminal conviction and those debts arising from certain long-term obligations. There is no provision that would grant a discharge *upon confirmation* of a Chapter 13 plan even for those debts not specifically excepted. The debtor either receives his discharge upon completion of all payments under the plan, or by way of the so-called "hardship discharge" of § 1328(b) in the event the debtor cannot complete the payments due to circumstances beyond his control. However, § 1328(c) excepts student loans and other debts of the kind specified in § 523(a) even where a hardship discharge is granted.

Second, Congress has enacted both substantive and procedural provisions for determining whether particular debts are dischargeable. Were discharge available by virtue of a one-line provision in the Chapter 13 plan, this framework would be unnecessary.

Third, the Debtor argues that since 28 U.S.C. § 2075 states that bankruptcy rules "shall not abridge, enlarge or modify any substantive right," the rules should not hamper her substantive right to include a discharge provision in her plan. The Debtor fails to recognize that her student loan creditors also have substantive rights that cannot be abridged by creative plan drafting. As set forth in the legislative history of § 523(a)(8), the provision excepting student loans from discharge "is intended to be self-executing and the lender or institution is not required to file a complaint to determine the nondischargeability of any student loan." Senate Report No. 95–989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862–5865.

Finally, Debtor would have this Court ignore the obvious legislative intent and clear policy reasons behind excepting student loans from discharge. If a Debtor can show by way of an adversary proceeding either that his student loan became due more than seven years before the filing of the bankruptcy petition or that repayment of the loan would work an undue hardship, Congress has provided that that student loan may be discharged. These are stringent requirements and reflect congressional concern that debtors not be allowed to easily shirk obligations that are funded or guaranteed by the government (i.e., taxpayers) or by non-profit institutions. Absent such a showing in the context of an adversary proceeding, a student loan debt is nondischargeable and will remain so.

Accordingly, the Objection of the Ohio Student Loan Commission to the confirmation of the Debtor's Plan is GRANTED to the extent it requires the Debtor to file an adversary proceeding to determine the dischargeability of the student loan debt, and likewise, that portion of the Debtor's plan which purports to discharge any remaining student loan indebtedness is hereby stricken.

IT IS SO ORDERED.