**In re John SCHWEITZER.**

**Bankruptcy No. 91–42537 S.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Aug. 21, 1992.

Raymond Mulera, Washington, D.C., for I.R.S.

Michael Knollmeyer, Jacksonville, Ark., for debtor.

ORDER CONDITIONALLY DENYING
UNITED STATES MOTION TO
DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the United States Motion to Dismiss, filed on August 19, 1992. By the motion, the United States seeks dismissal of the debtor's objection to the United States proof of claim for internal revenue taxes on the grounds that the debtor has failed to properly serve the United States as required by Rule 7004.

The debtor's objection to claim initiates a contested matter under the bankruptcy rules. Fed.R.Bankr.Proc. 9014; *In re Simmons*, 765 F.2d 547, 522 (5th Cir. 1985). Rule 9014, Federal Rules of Bankruptcy Procedure, makes Rule 7004 applicable to contested matters. Rule 7004(b)(4) sets forth the manner in which the United States shall be served:

(b) *Service by First Class Mail.* In addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ.P., service may be made within the United States by first class postage prepaid as follows:

(4) Upon the United States, by mailing a copy of the summons and complaint to the United States attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the valid-

ity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to such officer or agency.

(5) Upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4) of this subdivision and also to the officer or agency. * * *

Fed.R.Bankr.Proc. 7004(b)(4), (5). Thus, if the United States is sued in an adversary proceeding or is a party in a contested matter, both the United States Attorney and the Attorney General of the United States must be served. If the particular agency is named as defendant or party in a contested matter, three separate offices must be served: the agency itself, the United States Attorney, and the Attorney General of the United States. The rule is elementary and unambiguous. The Federal Rules of Bankruptcy Procedure state with some specificity the method by which and upon whom service must be effected in order to provide notice of suit. In light of the comparatively abbreviated procedure in bankruptcy, it is of great importance that persons effecting service provide notice in accord with the rules.

■ The Certificate of Service appended to the Objection to Allowance of Claim, filed by the debtor on July 6, 1992, indicates on its face that service of the objection is invalid. The certificate states that the objection was served upon the Special Procedures Staff of the Internal Revenue Service and upon the United States Attorney. The debtor failed to serve the Attorney General. Accordingly, service has not been effected upon the United States. *United States v. Oxylance Corporation,* 115 B.R. 380, 381 (N.D.Ga.1990). The failure to effect proper service deprives the court of personal jurisdiction over the defendant, *Oxylance Corporation,* 115 B.R. at 380 n. 1; *In re Harlow Properties, Inc.,* 56 B.R. 794 (9th Cir. BAP 1985), and renders any judgment or order subject to collateral attack.

While the debtor has in fact failed to provide for jurisdiction over the United States, such failure is not necessarily grounds for dismissal. Of course, in some circumstances dismissal may be appropriate. Indeed, if a plaintiff waits too long to effect proper service, Rule 4(j) requires dismissal. In this case, however, no showing has been made of any circumstances that renders dismissal appropriate. The Court deems it more appropriate in this instance that the debtor be directed to properly serve the United States.

ORDERED that within eight (8) days of entry of this Order, the debtor shall (1) properly serve the United States and (2) file a certificate of service with the Court. Failure to comply with this Order will result in dismissal of the objection to claim without further notice or hearing.

IT IS SO ORDERED.