**Troy M. THOMPSON and Patricia L. Thompson, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No.  Civ.1:98cv19.**

United States District Court, N.D. Indiana, Fort Wayne Division.

May 22, 1998.

**924**

Troy M. Thompson, Fort Wayne, IN, pro se.

Patricia L Thompson, Fort Wayne, IN, plaintiff pro se.

Deborah M. Leonard, United States Attorneys Office, Fort Wayne, IN, Melissa A. Holton, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a motion to dismiss filed by the defendant on March 25, 1998. The plaintiffs responded to the motion on April 16, 1998. The defendant has indicated that it does not intend to file a reply, thus this matter is ripe for resolution. For the following reasons, the defendant's motion to dismiss will be granted.

### Discussion

On January 16, 1998, the plaintiffs, Troy M. Thompson and Patricia L. Thompson ("the Thompsons"), filed a "FOIA Complaint and Injunction of Unlawful Debt Collection". The Thompsons are seeking damages and injunctive relief against the defendant, the Internal Revenue Service ("IRS"), for attempting to collect federal income tax from the Thompsons. The Thompsons also request certain tax records pursuant to the Freedom of Information Act ("FOIA").

The Thompsons allege in their complaint that they are not required to pay federal income taxes because they are "natural born Citizens of one of the several states of the United States of America," as opposed to citizens of the United States (Complaint at ¶ 6b); they are not government employees (Complaint at ¶ 6f); and there is no law requiring "citizens of the several states of the United States of America" to pay federal income taxes (Complaint at ¶ 6h). The Thompsons also allege that they have been subjected to unlawful debt collection practices in that the Notice of Federal Tax Lien documents issued by the IRS were not attested, and that a judgment was not rendered prior to seizure of their property (Complaint at ¶ 12).

The IRS filed notices of federal tax liens against the Thompsons, and the IRS subsequently served a notice of seizure and levy advising that the Thompsons' 1986 automobile would be seized. The automobile was subsequently seized and sold at auction.

The Thompsons seek an injunction against the IRS from any debt collection; release under the FOIA of any Summary Record of Assessment (Form 23C) and Certificate of Assessments and Payment (Form 4340) identifying the Thompsons as "taxpayers" as well as an order requiring the IRS to withdraw all notices of liens and a certificate of release from the IRS, notification to creditors of the withdrawal of the notices of liens; a statement from the IRS stating that the Thompsons are not required to file federal income tax returns; $3,500.00 for the automobile levied upon and sold by the IRS; and recovery of "the cost of action and any fees deemed reasonable".

In support of its motion to dismiss, the IRS first argues that this action should be dismissed for lack of personal jurisdiction. Pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, the Thompsons were required to serve the United States Attorney for the district in which the action was brought (or an Assistant U.S. Attorney, clerk, or civil process clerk designated by the U.S. Attorney), the Attorney General of the United States, and the IRS. The Thompsons have only served the IRS.

Failure to properly serve the United States deprives the court of personal jurisdiction. *Rabiolo v. Weinstein,* 357 F.2d 167, 168 (7th Cir.1966). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt,* 271 F.2d 193 (4th Cir.1959). Courts routinely dismiss actions when service is improper. *See Light v. Wolf,* 816 F.2d 746, 750 (D.C.Cir.1987); *Micklus v. Carlson,* 632 F.2d 227 (3rd Cir.1980); *Betlyon v. Shy,* 573 F.Supp. 1402, 1406 (D.Del.

1983); *Williams v. Capital Transit Co.*, 215 F.2d 487 (D.C.Cir.1954).

In response to the IRS' argument, the Thompsons request that this court liberally interpret Rule 4, and contend that since they served the Commissioner of Internal Revenue Service, the Commissioner should be considered the Chief Executive Officer of the IRS pursuant to Rule 4(d)(6). However, it is clear that Rule 4(i) governs suits against the agencies of the United States, and not Rule 4(d). Therefore, the Thompsons' cause of action fails for lack of personal jurisdiction.

Even if the Thompsons had properly effected service of process, their complaint has still failed to state claim for which relief may be granted. The Thompsons have asserted that they are not citizens of the United States and are immune from federal income tax liability and thus the IRS' collection activities are unlawful. Arguments of this sort have been routinely rejected by courts all across the country. *United States v. Sloan*, 939 F.2d 499, 5Ս Ј-01 (7th Cir.1991); *Coleman v. Commissioner*, 791 F.2d 68 (7th Cir. 1986); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993); *United States v. Saunders*, 951 F.2d 1065, 1067–68 (9th cir. 1991); *In re Becraft*, 885 F.2d 547, 548 n. 2, 549 (9th Cir.1989); *Denison v. Commissioner*, 751 F.2d 241, 242 (8th Cir.1984); *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir.1983).

The Thompsons have failed to cite even one case in support of their position that they are immune from the federal tax laws. Rather, the Thompsons simply argue that they are not "taxpayers" because they have chosen to be "nontaxpayers". The Thompsons' arguments are clearly frivolous and their complaint must be dismissed.

■ The Thompsons rely on 26 U.S.C. § 6065 in support of their argument that the Notice of Federal Tax Liens lacked a bona fide signature and must be attested. Section 6065 provides:

**Verification of Returns**

Except as otherwise provided by the Secretary, any return, declaration, statement or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

However, the verification provision of § 6065 was enacted to permit taxpayers to submit a verified return rather than a notarized return, and does not apply to notices issued by IRS agents. *Morelli v. Alexander*, 920 F.Supp. 556 (S.D.N.Y.1996). Thus, the Thompsons argument that the Notices were defective is completely meritless.

■ With respect to the Thompsons' argument that no judgment had been entered against them prior to seizure of their property, the IRS notes that the Thompsons did not petition the Tax Court after the statutory notice of deficiency had been issued to them. In the absence of such a petition to the Tax Court, assessments are presumed valid, and no judgment is required prior to seizure of property. 26 U.S.C. § 6213(a); *Fritz v. Hannon*, 27 F.3d 569 (7th Cir.1994).

■ The IRS next argues that the Thompsons cannot maintain an action for injunctive relief under the circumstances of this case as the Anti–Injunction Act, 26 U.S.C. § 7421, prohibits an injunction on the assessment or collection of federal taxes except in certain limited situations. *Bob Jones University v. Simon*, 416 U.S. 725, 736–7, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). The Anti–Injunction Act states, in pertinent part,

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. *Enochs v. Williams Packing & Navigation Co.*, 82 S.Ct. 1125, 1128, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United

States is assured of prompt collection of its lawful revenue. *Id.* at 1129, 82 S.Ct. 1125.

Pursuant to *Enochs,* an injunction against tax collection can only issue if two conditions are met: (i) equity jurisdiction must exist, *i.e.,* there must be an absence of an available legal remedy and irreparable harm; and (ii) under no circumstances could the government prevail on the merits of the tax claim against the taxpayer. As the IRS points out, the Thompsons cannot demonstrate that equity jurisdiction exists as it is clear that an available legal remedy exists. Pursuant to 26 U.S.C. § 7724, the Thompsons may pay the tax liability and file an administrative claim for a refund, or they could have pursued this matter in the Tax Court under § 6213. Since legal remedies exist, injunctive relief cannot be granted. Moreover, considering that the Thompsons have presented completely frivolous arguments in support of their position that they are not required to pay federal taxes, it is likely that the government would prevail on the merits of the tax claim against the Thompsons. Thus, the Thompsons have failed both prongs of the *Enochs* test, and their request for an injunction will be denied.

Section 7421 also bars suits for monetary damages for the same tax collection related activities that a federal court may not enjoin. *Professional Engineers, Inc. v. United States,* 527 F.2d 597 (4th Cir.1975). Accordingly, the Thompsons' claim for monetary damages must also be dismissed.

With respect to the Thompsons' FOIA request of Forms 4340 (Summary Record of Assessment) and 23C (Certificate of Assessments and Payments), the IRS has indicated that to the extent that these documents exist and are not exempt from disclosure, they will be released. Thus, the Thompsons' FOIA request is now moot. *DeBold v. Stimson,* 735 F.2d 1037, 1040 (7th Cir.1984).

### Conclusion

For all of the foregoing reasons, the defendant's motion to dismiss is hereby GRANTED.