**In re Matthew HINTON and Mindi Hinton, Debtors.**

**Bankruptcy No. 98–34782–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

March 18, 1999.

Robin Weiner, Fort Lauderdale, FL, Chapter 13 Trustee.

Michael Brooks, Miami, FL, for debtors.

### ORDER DENYING CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on December 24, 1998 for confirmation of the Debtors' Chapter 13 Plan. The Debtors include a provision in their Chapter 13 Plan that a student loan be deemed discharged at the end of the plan. Having considered the argument of counsel, and for the reasons set forth below, the Court denies confirmation of the proposed plan.

The Debtors, Matthew and Mindi Hinton (the "Debtors"), filed their petition for relief under Chapter 13 on September 1, 1998. Included within their schedules of unsecured creditors is the claim of Student Loan Services in the amount of $29,288. The Debtors list total unsecured claims of $60,598, including the student loan. The Debtors' plan proposes to pay $366.06 a month for months 1 to 9 and then $357.78 a month for months 10 to 60. Payments made by the Debtors for the first nine months would be applied exclusively to compensate the Debtors' attorneys. Payments for months 10 through 58 would be applied exclusively to satisfy the Debtors' obligation to Barnett Bank, secured by a security interest against their Volkswagen Jetta automobile. Plan payments made for months 59 and 60 would provide a partial dividend upon allowed general unsecured creditors. Pursuant to this proposed plan, unsecured creditors collectively will receive less than $700, or approximately 1%, upon their listed claims. The plan also includes the following provision:

*Other Provisions:* All timely filed and allowed unsecured claims, including the claim of STUDENT LOAN SERVICES, which is a government guaranteed education loan, shall be paid a pro-rata disbursement of each properly filed claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned education loan from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

As is thoroughly discussed in *In re Mammel,* 221 B.R. 238 (Bankr.N.D.Iowa 1998), to permit the Debtors to discharge their student loan obligation in this manner would: (1) allow a debtor to discharge an obligation through the confirmation process, circumventing Federal Rule of Bankruptcy Procedure 7001 which provides that an adversary proceeding must be filed to determine the dischargeability of a debt, *id.* at 241; (2) allow the discharge of debts without satisfying the evidentiary elements of Section 523(a)(8), *id.;* and (3) permit flexible plan formulation outside the parameters of specific Code provisions, *id.* at 241–42. Further, the proposed plan payment of approximately 1% of the total unsecured claims evidences a lack of good faith by the Debtors in proposing their Chapter 13 plan. Consequently, the Court finds the proposed plan unconfirmable. Accordingly, it is

ORDERED that the confirmation of the Debtors' proposed Chapter 13 plan is denied. The Debtors shall file an amended plan within 10 days of the date of this order, absent which, this case shall be dismissed without further hearing.