**In re Terrance R. EVANS and Edwina M. Woodson Evans, Debtors.**

**Bankruptcy No. 98–12983–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

June 17, 1999.

Michael A. Frank, The Bankruptcy Resource Center, North Miami, FL, for Debtor.

Nancy N. Herkert, Hialeah, FL, Trustee.

### MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION

ROBERT A. MARK, Bankruptcy Judge.

The original plan filed by the Debtors in this Chapter 13 case provided for the hardship discharge of their student loans under § 523(a)(8) of the Bankruptcy Code. The Chapter 13 Trustee objected to the plan arguing that the Debtors could not obtain a hardship discharge under a Chapter 13 plan without prosecuting a separate adversary proceeding under § 523(a)(8). After consideration of the arguments of counsel and upon review of applicable case law, the Court entered a bench ruling sustaining the objection.

The Debtors voluntarily amended their plan to delete the hardship discharge provision before entry of an Order on the Trustee's objection and their sixth amended plan was confirmed on March 19, 1999. Although the issue is moot in this case, the Court is issuing this Memorandum Opinion and Order to more fully discuss the basis for its earlier bench ruling and to provide guidance for future Chapter 13 cases.

■ The Debtors' original Chapter 13 plan included the following provision:

All timely filed and allowed unsecured claims, including the claims of HIGHER EDUCATION SERVICES, which is a government guaranteed education loan [sic], shall be paid pro-rata disbursements of each properly filed claim[sic], and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. § 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents... Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

Debtors argued that confirmation of their proposed plan was appropriate relying primarily on *In re Andersen*, 215 B.R. 792 (10th Cir. BAP 1998). The plan in Anderson included discharge language similar to the present plan. The student loan creditor filed an objection to the treatment of its claim under the plan, but the objection was denied as untimely and the plan was confirmed. After the discharge order was entered, the creditor continued to attempt to collect the balance of the debt which remained after application of the plan payments. The debtor then filed an adversary proceeding to determine that the debts were dischargeable under § 523(a)(8) and were already discharged when the order of discharge was entered following confirmation. The bankruptcy court entered judgment for the creditor, finding the debts had not been discharged. The debtor filed an appeal which was heard by the United States Bankruptcy Appellate Panel of the Tenth Circuit ("BAP").

On appeal, the BAP held that the order confirming the Chapter 13 Plan was a binding determination that payment of the student loan, beyond the payments provided under the plan, would constitute an undue hardship and was *res judicata* on the issue of dischargeability. Although at first blush, the decision appears to constitute approval of the same plan provision included by the Debtors here, there is one very important distinction which was cen-

tral to the BAP's decision. As the *Andersen* court explained,

> It is important to recognize that *the issue in this case arose after confirmation of the debtor's plan and after entry of the order of discharge* ... Thus the question is not whether the plan was capable of confirmation. It was confirmed. The question, then, is as the Bankruptcy Court framed it. Did the order of confirmation constitute a binding determination that payment of the student loans beyond that provided for in the plan would constitute an undue hardship, thereby making the loan dischargeable?

215 B.R. at 794 (emphasis added). The Court did not rule on the propriety of the plan provision and, in fact, stated that "had [the creditor] timely objected, the issue now before the Court could have been dealt with and determined." *Id.*, at 795.

In short, the BAP in *Andersen* merely applied the well established rule that confirmation orders have *res judicata* effect, provided due process has been afforded. The BAP did not hold or even suggest that the plan would have been confirmed over a timely objection by the creditor or Trustee. Therefore, while this Court agrees with the ruling in *Andersen* in a post-confirmation Chapter 13 scenario, the decision has no application here since the Trustee objected prior to confirmation of the plan.

At least two bankruptcy courts have denied confirmation of plans purporting to discharge student loans without an adversary proceeding. *In re Hinton,* 231 B.R. 384 (Bankr.S.D.Fla.1999); *In re Mammel,* 221 B.R. 238 (Bankr.N.D.Iowa 1998). Since Bankruptcy Judge Friedman's *Hinton* decision relies upon and adopts the reasoning and holding in *Mammel,* the Court will focus on that decision.

As here, the court in *Mammel* had to decide whether or not it was appropriate to confirm a plan, without an adversary proceeding, where the plan included a provision that certain § 523(a)(8) debts were dischargeable. Also, as in this case, the debtor primarily relied on *In re Andersen* to support his position that the plan was confirmable. The *Mammel* court held that a plan provision acting to discharge a § 523(a)(8) debt without the necessity of an adversary proceeding precluded confirmation. 221 B.R. at 243.

The court in *Mammel* was careful to differentiate between a *confirmed* plan with the student loan discharge provision and a *proposed* plan containing such a clause. The court stated, "[f]ortunately, the potentially troublesome provision in this case was identified before confirmation. This allows an unrestricted examination of the merits of the provision unfettered by *res judicata* issues." 221 B.R. at 240. The court denied confirmation for several reasons equally applicable here:

(1) allowing discharge of the student loans through the confirmation process would defeat the adversary requirements for determining dischargeability;

(2) allowing discharge simply by providing a conclusory allegation of hardship would be impermissible since the Debtor would not be satisfying the evidentiary elements of § 523(a)(8); and

(3) although § 1322(b)(10) allows flexibility in drafting plans by providing that a plan may "include any other appropriate provision not inconsistent with [the Bankruptcy Code]," to allow a hardship discharge by simply providing for it in a plan would be inconsistent with § 523(a)(8). 221 B.R. at 241–242.

The Court agrees with the *Mammel* decision, its reasoning, and the following policy discussion:

> The philosophy of Chapter 13 is to allow a debtor in good faith, to pay legitimate obligations on a pro rata basis. The provision proposed by Debtor is not only contrary to the provisions of the Code but also to its philosophy. The purpose of the provision is not to pay a proportionate percentage of debt but

rather to avoid payment completely. This constitutes a trap for unwary creditors particularly where Debtor has made no showing that he would be entitled to a hardship discharge if put to his proof ...

Ultimately, this type of provision trivializes the entire process and reduces it to a game of chance.

221 B.R. at 243.

■ Section 523(a)(8) permits the discharge of certain student loan debts, otherwise excepted from discharge under § 523(a)(8), if excepting the debt from discharge "will impose an undue hardship on the debtor and the debtor's dependents." Clearly, the issue of § 523(a)(8) debt dischargeability must be framed and decided in an adversary proceeding pursuant to Rule 7001(6), Fed.R.Bank.P. The proposed plan filed by the Debtors attempts to dispense with this requirement and have the Court make an independent finding of dischargeability without the important procedural safeguards that are part of an adversary proceeding. Among other things, the holder of a student loan debt which would otherwise be excepted from discharge under § 523(a)(8) must be served with a complaint that specifies why the debt should be discharged. In this case, that would require the Debtors to plead the factual basis for characterizing repayment of the debt as an undue hardship under § 523(a)(8). The Debtors could obtain a judgment discharging the debt only if the Debtors proved these allegations at trial or if the defendant failed to answer the complaint.

The problem with the Debtors' attempt to obtain the equivalent of a § 523(a)(8) judgment without an adversary complaint is (1) the lack of sufficient and specific notice to the creditor; and (2) the existence of plan language that contains only the legal conclusion of "undue hardship" without any factual predicate to support the finding. In fact, in this case, the Court specifically asked Debtors' counsel to submit a post-hearing paper certifying that he

had reviewed the facts and circumstances with his clients and could represent to the Court that he could plead and prove a prima facie case for discharging the debt on the basis of "undue hardship." Debtors' counsel did not file this certification bolstering the Court's conclusion that the Debtors were attempting to slip a hardship discharge into their plan without the facts to even plead a claim for relief under § 523(a)(8). The absence of facts to support the hardship exception underscores how wrong it would be to provide this relief through confirmation of a Chapter 13 plan.

### Conclusion

Chapter 13 plans may substantially modify the rights of creditors. Liens may be "stripped down," payment terms to secured creditors (other than those secured solely by a debtor's home) may be modified, and most unsecured claims may be discharged without full payment. There are limits and this case presented one of them. Obtaining a hardship discharge of a student loan requires the procedural and substantive safeguards of an adversary proceeding. Merely saying you are entitled to the hardship discharge in a plan is simply not enough. Therefore, it is—

**ORDERED** as follows:

1. The Trustee's objection to confirmation of the Debtors' original plan is sustained.

2. This Order is effective nunc pro tunc to September 28, 1998, and relates only to the Trustee's objection to confirmation of the Debtors' original plan. It does not affect the finality or validity of the Court's March 19, 1999 Order Confirming Sixth Amended Chapter 13 Plan.