In re William Zachary ADDISON, Debtor.

William Zachary Addison, Plaintiff,

v.

United States Department of Education; Ameritrust of Cleveland; California Student Aid Commission; California Western School of Law; Florida Department of Education; PHEAA/Ameritrust; Hemar Insurance Corp.; Northstar Guarantee, Inc.; San Diego State University, Defendants.

No. EDCV99–223RT(VAPx).
Bankruptcy No. RS99–11474MG.
Adversary No. RS99–1277.

United States District Court,
C.D. California.

Sept. 3, 1999.

William Zachary Addison, Palm Springs, CA, pro se.

LeRoy Anderson, California State University, Office of General Counsel, Long Beach, CA, for San Diego State University, defendant.

Arthur Cisneros, Riverside, CA, Chapter 7 Trustee.

Jeffrey J. Hagen, Hagen & Hagen, Encino, CA, for defendant Education Resources Institute, Inc. aka PHEAA.

## ORDER GRANTING 1) DEFENDANT STATE OF CALIFORNIA'S MOTION TO WITHDRAW REFERENCE TO THE BANKRUPTCY COURT AND 2) GRANTING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS

TIMLIN, District Judge.

The Court, the Honorable Robert J. Timlin, has read and considered Defendant State of California's ("State") motion to withdraw reference to the bankruptcy court and motion to dismiss under Fed. R.Civ.Pro. 12(b)(6). Based on such consideration, the Court concludes as follows:

## I.

## BACKGROUND

On January 28, 1999, debtor William Zachary Addison ("Plaintiff") filed a voluntary petition for bankruptcy relief under Chapter 7, Title 11 of the United States Code. The petition was filed in the United States Bankruptcy Court for the Central District of California, case No. Bk. LA99–1147 MG. On April 29, 1999, Plaintiff, acting in pro per, filed a complaint, case No. RS99–1277MG, in the United States Bankruptcy Court for the Central District of California seeking discharge from educational debts under 11 U.S.C. § 523(a)(8). Among the defendants in the action is San Diego State University, a university operated by the State.

On June 28, 1999, Defendant State filed in United States District Court for the Central District of California the instant notice of motion and motion to withdraw reference to the bankruptcy court and dismiss the action as to it. The instant motion was assigned to the Central District's Eastern Division, located in Riverside, California. No opposition was filed.

## II.

## ANALYSIS

### Withdrawal of Reference to the Bankruptcy Court

 Defendant State seeks to withdraw reference to the bankruptcy court.[1] Whether withdrawal from the bankruptcy court is appropriate is governed by 28 U.S.C. § 157(d) (1994), ("section 157(d)") which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Under section 157, matters are classified either as "core proceedings" which the bankruptcy court may hear and adjudicate, or "non-core proceedings" which the bankruptcy court may hear but may only submit findings of fact and conclusions of law to the district court which reviews the bankruptcy court's determinations *de novo*. 28 U.S.C. § 157 (1994). A non-exhaustive list of "core proceedings" is

enumerated in section 157(b)(2). "Non-core proceedings" are those which "do not depend on bankruptcy laws for their existence and that could proceed in another court ..." *Security Farms*, 124 F.3d at 1008; *see also In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.1986). Defendant State claims that withdrawal is appropriate because dismissal of the action turns on the application the law of state sovereign immunity, a non-title 11 law. Defendant State states that because its motion for dismissal is based on "non-core" proceedings, withdrawal is mandated.

### Mandatory v. Permissive Withdrawal

 Section 157(d) contains both a mandatory and a permissive provision for withdrawal. Mandatory withdrawal is required in those cases that call for material consideration of both title 11 and non-title 11 federal law. *See Security Farms*, 124 F.3d at 1008. This provision has been construed narrowly. *See 1 Collier on Bankruptcy*, ¶ 3.04[2] (Matthew Bender 15th Ed. Revised 1996). In this case, Defendant State has failed to show that its motion for dismissal calls for material consideration of both title 11 and non-title 11 federal law. Thus, this Court finds that mandatory withdrawal is not required.

 The first sentence of section 157(d) sets forth the standard for permissive withdrawal. Permissive withdrawal is permitted "for cause shown." 28 U.S.C. § 157(d). The district court's determination of whether cause exists is generally discretionary. *See In re Cinematronics*, 916 F.2d 1444, 1451 (9th Cir.1990). Factors the district court should consider in determining whether cause exists include "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention

---

1. Defendant State's motion to withdraw reference to the bankruptcy court was timely filed. A motion to withdraw is timely "if it was made as promptly as possible in light of the developments in the bankruptcy proceedings." *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1007 n. 3 (9th Cir.1997) (quoting *In re Baldwin–United Corp.*, 57 B.R. 751, 754 (S.D.Ohio 1985)). In this case, Defendant filed the present motion within two months of the filing of Plaintiff's complaint and before any developments occurred in the adverse bankruptcy proceeding.

of forum shopping and other related factors." *Security Farms,* 124 F.3d at 1008; *see also In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993).

 In this case, the Court finds that withdrawal is consistent with the interest of judicial economy. If this Court does not do so, the bankruptcy judge could hear the instant motion pursuant to 28 U.S.C. § 157(c)(1). That section permits a bankruptcy judge to hear a non-core proceeding and submit proposed findings of fact and conclusions of law to the district judge. The district judge then reviews the bankruptcy court's findings of fact and conclusions of law *de novo. See In re Mann,* 907 F.2d 923, 926 (9th Cir.1990). Thus, if withdrawal is denied, this Court may be forced to revisit this very motion in the form of the findings of fact and conclusions of law of the bankruptcy judge. Therefore, the interest of judicial economy dictates that this Court should exercise permissive withdrawal and adjudicate this matter now, rather than awaiting the determination of the bankruptcy court.

Section 157(d) allows the Court to withdraw the action in whole or in part. Accordingly, the Court withdraws reference of this case only as it relates to Plaintiff's claim against Defendant State.

### State Sovereign Immunity Defense

 Under the Eleventh Amendment, as interpreted by the United States Supreme Court, states are immune from actions by individuals in federal court. The United States Supreme Court has stated that "each state is a sovereign entity in our federal system; and ... it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 1122 (1996). However, 11 U.S.C. § 106 ("section 106") attempts to abrogate the state's sovereign immunity defense with respect to a number of Title 11 sections, including 11 U.S.C. § 523 under which Plaintiff brings his complaint. Section 106(a) states in pertinent part:

Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following: (1) Section ... 523 ...

Section 106 was last amended in 1994. Since that time, the United States Supreme Court has stated that Congress cannot abrogate the states' sovereign immunity except under a constitutional provision specifically granting Congress such power. *See Seminole,* 517 U.S. at 59, 116 S.Ct. at 1125. The Supreme Court further held that Congress may not abrogate the states' sovereign immunity under its Article I powers. *See Id.; see also Alden v. Maine,* —— U.S. ——, 119 S.Ct. 2240, 2246, 144 L.Ed.2d 636 (1999); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* —— U.S. ——, 119 S.Ct. 2199, 2201, 144 L.Ed.2d 575 (1999).

Recently, the United States Bankruptcy Appellate Panel of the Ninth Circuit held that section 106 was enacted pursuant to Article I, Section 8, Clause 4, the Bankruptcy Clause. *See In re Elias,* 218 B.R. 80, 86 (1998). Thus, the panel held that under the United States Supreme Court's rationale in *Seminole,* "Congress's attempt to abrogate the states' Eleventh Amendment immunity in § 106(a) pursuant to Congress's Bankruptcy Clause power is ineffective." *Id.* at 84, 116 S.Ct. 1114; *see also In re Lapin,* 226 B.R. 637, 644 (1998). Hence, the court found that adversary bankruptcy proceedings against the state under title 11 was barred under the state sovereign immunity defense. *See In re Elias,* 218 B.R. at 87.

This Court agrees with the rationale of the United States Bankruptcy Appellate Panel of the Ninth Circuit and therefore finds that section 106's attempted abrogation of state sovereign immunity is ineffective. Accordingly, because section 106's attempted abrogation is ineffective, Plaintiff's lawsuit against the State of California

is barred under the doctrine of state sovereign immunity.[2]

## III.

## DISPOSITION

IT IS ORDERED THAT:

1) Defendant State of California's motion to withdraw reference of this case to the bankruptcy court is GRANTED as to Defendant State of California only.

2) Defendant State of California's motion to dismiss on the grounds of state sovereign immunity is GRANTED with prejudice.[3]

---

2. Because, as discussed above, this complaint must be dismissed with respect to Defendant State on the grounds of state sovereign immunity, the Court need not address whether the State's asserted defective service of process requires dismissal in this case.

3. The original reference of this case to the Bankruptcy Court continues in effect as to all defendants named in Plaintiff's complaint except the State of California.