**In re Terrie W. EVANS, Debtor.**

**Bankruptcy No. 99–14366.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Nov. 17, 1999.

John W. Rose, Cincinnati, OH, for debtor.

## MEMORANDUM DENYING CONFIRMATION AND REQUIRING ATTORNEY TO SHOW CAUSE

JEFFERY P. HOPKINS, Bankruptcy Judge.

The Debtor, Terrie W. Evans, filed a chapter 13 petition and plan on August 11, 1999. The Debtor's plan contains a provision that is labeled as a "student loan addendum." The language of this addendum seeks to discharge a student loan guaranteed by the U.S. Department of Education upon completion of payments un-

der the plan. The addendum reads as follows:

> All timely filed and allowed unsecured claims, including the claims of U.S. Department of Education, which are gov-ernment guaranteed education loans, shall be paid ten percent (10%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. [§ 523(a)(8)], excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

The issue before the Court, raised sua sponte, is whether the Debtor's plan should be confirmed when it contains the foregoing addendum. A confirmation hearing was held on October 26, 1999. Neither the U.S. Department of Education or the Chapter 13 Trustee filed an objection to confirmation of the plan. The Debtor's attorney argues that the plan, as proposed, is confirmable under the authority of *Andersen v. UNIPAC–NEBHELP (In re Andersen),* 179 F.3d 1253 (10th Cir.1999) and that other courts in this district have confirmed such plans absent objection by a creditor or the Trustee.

### CONFIRMATION: 11 U.S.C. § 1325

This Court is aware of at least six published cases, including one from this district, where courts were confronted with this issue. *See In re Key,* 128 B.R. 742 (Bankr.S.D.Ohio 1991) (Aug, J.); *see also In re Stevens,* 236 B.R. 350 (Bankr. E.D.Va.1999); *In re Evans,* 235 B.R. 133 (Bankr.S.D.Fla.1999) (Miami Division); *In re Hinton,* 231 B.R. 384 (Bankr.S.D.Fla.

1999) (West Palm Beach Division); *In re Galey,* 230 B.R. 898 (Bankr.S.D.Ga.1999); *In re Mammel,* 221 B.R. 238 (Bankr. N.D.Iowa 1998). Each of these courts denied confirmation on the ground that plan language seeking to discharge a student loan through the plan process violates the Bankruptcy Code and Rules. *See id.* Specifically, these student loan provisions violate the substantive requirements of 11 U.S.C. § 523(a)(8) in that the Debtor is not required to prove undue hardship or even experience circumstances that would support such a finding. *Evans,* 235 B.R. at 135; *Hinton,* 231 B.R. at 385; *Mammel,* 221 B.R. at 241.[1] They also violate Fed. R.Bankr.P. 7001(6), which requires that any determination of the dischargeability of a debt be resolved by adversary proceeding. *Stevens,* 236 B.R. at 352; *Evans,* 235 B.R. at 136; *Hinton* 231 B.R. at 385; *Galey,* 230 B.R. at 899; *Mammel,* 221 B.R. at 241; *Key,* 128 B.R. at 743. Similarly, such a provision circumvents the procedural safeguards established for determining dischargeability.[2] *Evans,* 235 B.R. at 135 (absence of appropriate notice); *Galey,* 230 B.R. at 899–900 (absence of due process, including appropriate notice); *Mammel,* 221 B.R. at 241 (proposed student loan provision "renders superfluous those rules relating to adversary complaints"). Judge Aug, after examining the legislative history of the applicable Code sections, summarized the foregoing concerns as follows:

> Congress has enacted both substantive and procedural provisions for determining whether particular debts are dischargeable. Were discharge available by virtue of a ... provision in the Chap-

---

**1.** It has also been noted that confirmation of such a plan would effectively shift the burden of proof under § 523(a)(8) to the creditor. *Mammel,* 221 B.R. at 243.

**2.** The Debtor's counsel in this case admitted at the October 26, 1999 hearing that its "not that we are trying to bypass the procedure" but that legal fees would preclude the Debtor from prosecuting an adversary proceeding. That same argument was rejected in *Mammel.*

*Mammel,* 221 B.R. at 241 ("Debtor, through counsel, asserts that filing of an adversary complaint would be expensive and Debtor cannot afford to pursue this procedure."). Congress was surely aware that consumer debtors possess limited resources when it nevertheless required that dischargeability be determined by adversary proceeding, even in no asset chapter 7 cases.

ter 13 plan, this framework would be unnecessary.

*Key,* 128 B.R. at 743.

 Moreover, the creditor in this proceeding, the U.S. Department of Education, enjoys a heightened notice and service requirement under the applicable rules of civil procedure. Fed.R.Bankr.P. 7004(b)(4) provides, in relevant part, that proper service on the United States is accomplished by "mailing a copy of the summons and complaint addressed to the civil process clerk at the office of the United States attorney for the district in which the action is brought and by mailing a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia[.]" As with Fed.R.Civ.P. 4(I), when proper service of process has not been made upon the United States under Rule 7004(b)(4), the United States has not been made a party to an action and a court is without jurisdiction to enter judgment against the United States. *See Bland v. Britt,* 271 F.2d 193, 194 (4th Cir.1959) (holding service requirements under Fed.R.Civ.P. 4 to be jurisdictional); *In re Morrell,* 69 B.R. 147, 149–50 (N.D.Cal.1986) ("The requirement of service upon the Attorney General and the United States Attorney is not a technical exercise or a nuisance to be inflicted upon the private bar in bankruptcy litigation."); *In re Schweitzer,* 145 B.R. 292 (Bankr.E.D.Ark.1992) (noting that the failure to effect proper service deprives the court of personal jurisdiction); *see generally* 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1106 (2d ed.1987) ("It is axiomatic that no valid judgment can be entered against the United States without proper service.").[3]

As noted previously, at the October 26, 1999 confirmation hearing the Debtor's attorney argued that the "student loan addendum" is properly included in the Debtor's plan under the authority of *Andersen.* In *Andersen,* the Debtor filed a chapter 13 plan containing language nearly identical to that in question in this case.[4] No timely objections to confirmation were filed and the plan was confirmed. The debtor completed her plan payments and obtained a discharge. A student loan creditor thereafter initiated collection proceedings against the debtor. The debtor reopened her bankruptcy case and filed a complaint to determine the dischargeability of the debt. The bankruptcy court held that the debtor's student loan obligations were not discharged under the confirmed plan. On appeal, the Tenth Circuit Bankruptcy Appellate Panel reversed, concluding that confirmation of the chapter 13 plan bound the creditor to the plan's treatment of the student loan obligation under the theory of res judicata. *See Andersen v. Higher Education Assistance Foundation (In re Andersen),* 215 B.R. 792 (10th Cir. BAP 1998). The Tenth Circuit affirmed. *See Andersen,* 179 F.3d at 1260; *see also In re Pardee,* 193 F.3d 1083 (9th Cir.1999) (holding that provision in chapter 13 plan discharging postpetition interest on a student loan is binding on creditor under theory of res judicata where objection was not

---

**3.** Taking this analysis one step further, a debtor would have even greater difficulty justifying the satisfaction of due process if the student loan creditor was an arm of the state given that such an entity is not subject to the jurisdiction of the bankruptcy court under the Eleventh Amendment in a dischargeability action commenced by the debtor. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Innes v. Kansas State Univ. (In re Innes),* 184 F.3d 1275 (10th Cir.1999) (debtors' action pursuant to § 523(a)(8) is barred by Eleventh Amendment so long as state has not waived immunity);

*Addison v. United States Dept. of Education,* 240 B.R. 47 (C.D.Cal.1999) (student loan action); *Texas Higher Education Coordinating Board v. Greenwood (In re Greenwood),* 237 B.R. 128 (N.D.Tex.1999) (same).

**4.** The language is identical except for: (1) the name of the creditor involved; and (2) the *Andersen* provision purported to constitute a finding of undue hardship on the debtor and the debtor's dependents whereas the Debtor's provision constitutes such a finding only as to the Debtor alone.

raised prior to plan confirmation and confirmation order was not appealed).

■ The Debtor's reliance upon *Andersen* is misguided. In *Andersen* and *Pardee*, the plan had already been confirmed when the validity of the student loan provision was raised. No objections were raised prior to confirmation. In this case, as well as the six cases previously cited, an objection to the student loan provision was raised *prior* to confirmation.[5] As such, neither *Andersen* or *Pardee* are applicable in this situation given that their holdings were premised upon the res judicata effect of two confirmed plans. Had the issue in *Andersen* and *Pardee* been raised prior to confirmation, a different result likely would have occurred given that both decisions contain language indicating that the plans at issue would not have been confirmed had the issue been raised prior to confirmation. *See Andersen*, 179 F.3d at 1259 ("Although the provision at issue did not comply with the Code, it is now too late for ECMC to make the argument that HEAF failed to timely raise."); *Pardee*, 193 F.3d 1083, 1086 ("If a creditor fails to protect its interest by timely objecting to a plan or appealing the confirmation order, it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code."). Accordingly, the Debtor's plan cannot be confirmed so long as it contains the "student loan addendum."[6]

## SANCTIONS: FED.R.BANKR.P. 9011

■ Fed.R.Bankr.P. 9011(b) provides in material part:

**Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

. . . .

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

The Sixth Circuit has construed Rule 9011 as subjecting an attorney to sanctions if a paper filed by the attorney was not warranted by existing· law or a good faith argument for the extension, modification or reversal of existing law. *See In re Downs*, 103 F.3d 472, 481 (6th Cir.1996). The Court does not see how the student loan addendum in the plan proposed by the Debtor is warranted by existing law or a good faith argument for the extension, modification or reversal of the same. Every case that this Court is aware of that addresses the issue now before it holds that a provision in a chapter 13 plan that seeks to discharge a student loan violates the Bankruptcy Code and Rules. Notwithstanding, the Debtor's attorney has drafted a plan containing such a provision and advocated for confirmation of the same even though the Code is clear that a plan is not to be confirmed unless it "complies with the provisions of [chapter 13] and with the other applicable provisions of [title 11]." *See* 11 U.S.C. § 1325(a)(1).

The Court is concerned that counsel for debtors may begin to view this issue as a

---

5. Bankruptcy courts have an affirmative duty to see that chapter 13 plans comply with all provisions of title 11 in order to meet the standard of confirmation under 11 U.S.C. § 1325(a)(1). Although it was the Court that raised the objection in this case, such an objection is proper. *See Mammel*, 221 B.R. at 239 ("Whether the Trustee has filed an objection or not, the court has the independent right and duty to review proposed Chapter 13 plans for compliance with the Code.").

6. This Court shares the view expressed by Judge Aug that "the Debtor fails to recognize that her student loan creditors also have substantive rights that cannot be abridged by creative plan drafting." *Key*, 128 B.R. at 743.

"can't lose" proposition. If they include the student loan addendum and the plan is confirmed without objection, they can argue that the student loan obligation is discharged under the doctrine of res judicata and the authority of *Andersen* and *Pardee*. If an objection is raised, they simply strike the addendum and are no worse off than if they hadn't tried. This concern was recognized by the *Mammel* court:

This constitutes a trap for unwary creditors....

Ultimately, this type of provision trivializes the entire process and reduces it to a game of chance. If Debtor can obtain confirmation before the creditors, the Court, or the Trustee identify such a provision, the objectionable plan provision is elevated to a status beyond challenge. It is the opinion of this Court that this type of plan provision should be discouraged rather than encouraged under the guise of creativity.

*Mammel*, 221 B.R. at 243. This Court is of the opinion that Fed.R.Bankr.P. 9011 serves as one means of deterring such abuse. The same thought must have crossed the mind of the *Evans* court when it asked the debtors' attorney to certify in writing "that he had reviewed the facts and circumstances with his clients and could represent to the Court that he could plead and prove a prima facie case for discharging the debt on the basis of 'undue hardship.'" *Evans*, 235 B.R. at 136.[7]

The only legal authority known to this Court, at present, that the Debtor's attorney can possibly rely upon is *Andersen* and *Pardee*. However, both *Andersen* and *Pardee* contain language to the effect that such a provision, although res judicata upon confirmation, violates the Code and Rules. *Andersen*, 179 F.3d at 1259 ("Although the provision at issue did not comply with the Code, it is now too late for ECMC to make the argument that HEAF

failed to timely raise."); *Pardee*, 193 F.3d 1083, 1086 ("We agree with the Tenth Circuit. If a creditor fails to protect its interest by timely objecting to a plan or appealing the confirmation order, it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code.") In essence, these decisions stand for the following proposition: the Code and the Rules don't permit you to include such an addendum in a chapter 13 plan, but if you do and the plan is confirmed due to the absence of a timely objection, the provision is nevertheless binding upon the creditor due to the need for finality. The Court *does not believe that such authority constitutes a basis under Rule 9011(b)(2) for the inclusion of such a provision in a plan.* To hold otherwise would effectively mean that, by analogy, a debtor is not subject to Rule 9011 sanctions for claiming an exemption that is unfounded in law. Case law is clear that this is not the case.

■ Under the authority of 11 U.S.C. § 522(*l*) and Fed.R.Bankr.P. 4003(b), the United States Supreme Court has held that an exemption claimed by the debtor to which there is no timely objection is deemed allowed regardless of the validity of the exemption claimed. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). This has raised the concern by some that the system is subject to abuse by debtors who claim improper exemptions in hopes that no timely objections will be raised. This abusive process has been referred to as "exemption by declaration." *See, e.g., Halverson v. Peterson (In re Peterson)*, 920 F.2d 1389 (8th Cir.1990). The Supreme Court *addressed this concern as follows:*

Taylor suggests that our holding will create improper incentives. He asserts that it will lead debtors to claim proper-

---

7. The court went on to note that such a certification was not filed, "bolstering the Court's conclusion that the Debtors were attempting

to slip a hardship discharge into their plan." *Evans*, 235 B.R. at 136.

ty exempt on the chance that the trustee and creditors, for whatever reason, will fail to object to the claimed exemption on time. He asserts that only a requirement of good faith can prevent what the Eighth Circuit has termed "exemption by declaration." This concern, however, does not cause us to alter our interpretation of § 522(*l*).

Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings. See, e.g., ... Rule 9011 ... [and] 18 U.S.C. § 152 (imposing criminal penalties for fraud in bankruptcy cases). These provisions may limit bad-faith claims of exemptions by debtors.

*Taylor*, 503 U.S. at 644, 112 S.Ct. 1644. Accordingly, courts are to impose Rule 9011 sanctions to deter improper exemptions by declaration. *Id.; see also In re Slentz*, 157 B.R. 418, 421 (Bankr.N.D.Ind. 1993) ("In effort to deter attempts at exemption by declaration sanctions are necessary."); *In re Smith*, 143 B.R. 912, 914 (Bankr.D.Neb.1992) ("If an attorney or party violates Rule 9011, by claiming exemptions which are not supported by the facts or by law, the bankruptcy court should impose sanctions."). This Court believes that the same mandate is applicable to an analogous "discharge by declaration" through the plan confirmation process. This Court is of the opinion that *Andersen* and *Pardee* provide no more protection from Rule 9011(b) sanctions for an unsupported "discharge by declaration" than *Taylor* provides for an unsupported "exemption by declaration."

### CONCLUSION

For the foregoing reasons, confirmation of the Debtor's chapter 13 plan filed August 11, 1999, will be DENIED. Pursuant to Fed.R.Bankr.P. 9011(c)(1)(B), the Debtor's attorney will be ORDERED to appear before the Honorable Jeffery P. Hopkins, U.S. Bankruptcy Court, in Court Room # 2, Suite # 816, U.S. Bankruptcy Court, Atrium Two, 221 East Fourth Street, Cin-cinnati, Ohio, on December 3, 1999 at 2:00 p.m. to show cause why the inclusion of the student loan addendum in the Debtor's chapter 13 plan does not violate Fed. R.Bankr.P. 9011(b). If the Debtor's attorney chooses to file a memorandum of law on the issue, such memorandum shall be filed by December 1, 1999.