**In re Paul D. & Joni M. HENSLEY, Debtors.**

**Amber L. Pinson, Debtor.**

**Kimberly K. Morgan, Debtor.**

**Anthony J. & Brooke L. Brentlinger, Debtors.**

**Steven C. & Lisa P. Johnson, Debtors.**

**Bankruptcy Nos. 99–19145–TS, 99–19317–TS, 99–20036–TS, 99–20185–TS, 00–10927–TS.**

United States Bankruptcy Court, W.D. Oklahoma.

May 12, 2000.

---

Mac D. Finlayson, Tulsa, OK, Regina Switzer, Oklahoma City, OK, for Plaintiff.

Lisa K. Erickson, Oklahoma City, OK, for Defendants.

### *ORDER REGARDING ATTEMPTS TO DISCHARGE STUDENT LOAN IN-DEBTEDNESS THROUGH CHAP-TER 13 PLAN PROVISIONS*

JOHN TeSELLE, Chief Judge.

This matter comes before the Court on motions to dismiss filed by various student loan creditors in the captioned proceedings. The Court conducted a hearing on the motions to dismiss on May 2, 2000 and took the matters under advisement at that time. Having considered the parties' pleadings, the arguments of counsel and the law applicable thereto, the Court rules as follows.

#### *Introduction*

The confirmed chapter 13 plan in each of these cases includes language stating that debtor's repayment of his or her student loans will impose an undue hardship on debtor pursuant to § 523(a)(8) of the

Bankruptcy Code.[1] Each plan accordingly provides for the discharge of debtor's student loans upon the completion of the payments required under the confirmed plan.[2] The student loan creditors have moved to dismiss each of these proceedings.[3] They argue that by including such language in their plans, debtors and their counsel have intentionally and unlawfully short-circuited the process required to be followed by § 523(a)(8) and Fed.R.Bankr.P. 7001(6) before a student loan indebtedness can properly be discharged in bankruptcy.[4] Further, the student loan creditors argue that debtors and their counsel have included such language despite the fact that it is expressly prohibited by § 1328(a)(2) which excepts student loan indebtedness from discharge in chapter 13 cases unless such indebtedness is otherwise determined to be dischargeable pursuant to § 523(a)(8) following the presentation of evidence at an adversary proceeding as required by Fed.R.Bankr.P. 7001(6).

This Order is intended to clarify the Court's views on the practice of including language intended to discharge a debtor's student loan indebtedness in a chapter 13 debtor's plan or confirmation order. Through this Order, the Court wishes to make clear that the intentional inclusion of language in a chapter 13 plan or confirmation order providing for the discharge of a debtor's student loan indebtedness, or of any other provision prohibited by the Bankruptcy Code or Rules, is both unethical and sanctionable conduct.

## Discussion

■ At the hearing on the motions to dismiss conducted by the Court in these cases on May 2, 2000, it was clear to the Court that debtors' counsel included these plan provisions in the hope that they would trap an unwary student loan creditor. If a plan containing a student loan discharge provision is confirmed, debtors and their counsel argue that the student loan obligation is discharged under the theory of *res judicata*, improperly relying on a skewed interpretation of the opinion of the Tenth Circuit Court of Appeals in *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999) to support their position. If an objection to confirmation is raised by either the Trustee or the student loan creditor, the offending language is simply removed from the plan, and debtors are no worse off for their attempt.[5] The Court will not

1. The statutory section references used herein shall be to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise specified.

2. In both the *Hensley* and *Johnson* cases, language intended to effect the discharge of debtors' student loan obligations was also included in the confirmation orders presented to the Court. This language was included in the confirmation order in the *Johnson* case despite the existence of a timely objection to confirmation due to the presence of this language filed by the student loan creditor in that case. The court would have stricken this language from the confirmation orders in both the *Hensley* and *Johnson* cases had its attention been called to the presence of this language at the time the confirmation orders were presented for signature.

3. The various student loan creditors filing motions to dismiss in these cases will be collectively referred to in this Order as the "student loan creditors" due to the substantial identity of the arguments advanced in support of their motions to dismiss. The student loan credi-

tors moving to dismiss these cases are: (1) Oklahoma State Regents for Higher Education in the *Hensley* and *Morgan* cases; (2) United Student Aid Funds, Inc. in the *Pinson* and *Johnson* cases; and (3) Texas Guaranteed Student Loan Corp. in the *Brentlinger* case.

4. Bankruptcy Rule 7001(6) clearly requires that an adversary proceeding be commenced to determine the dischargeability of a student loan under § 523(a)(8).

5. This actually occurred in the *Pinson* case. In response to an objection to confirmation filed by the Student Loan Guarantee Foundation of Arkansas, counsel for the debtor in *Pinson* modified her plan to resolve the objection by removing the offending language from her plan, but only as such language concerned the claim of the objecting student loan creditor. Counsel for the debtor in *Pinson* left intact language in the debtor's plan purporting to discharge the debt of a different student loan creditor (United Student Aid Funds, Inc.) pursuant to § 523(a)(8) because

permit this type of gamesmanship on the part of debtors and their counsel to continue. Conduct such as this has no place in the practice of bankruptcy law, and will not be tolerated by this Court.

■ The citation of the opinion of the Tenth Circuit in *Andersen, supra*, as authority for the practice of intentionally inserting language in a chapter 13 plan that violates the Bankruptcy Code and Rules, and as authorizing counsel to stand by silently and thereby induce the Court to confirm a plan that contains a provision that counsel knows violates the Bankruptcy Code and Rules, is at once offensive and specious. Counsel appearing before this Court are officers of the Court and are ethically obligated to inform the Court if they are aware of the existence of a plan provision that renders the plan non-confirmable.

Rather than recognizing their obligations to the Court and to opposing counsel, counsel for debtors in these cases go so far as to suggest that they are compelled by *Andersen* to recommend that their clients include these unlawful plan provisions, implying that their failure to do so might be an act of professional negligence. The Court does not believe that a fair reading of the opinion of the Tenth Circuit in *Andersen* can reasonably lead one to conclude that the Tenth Circuit intended to encourage the practice of intentionally inserting unlawful plan provisions in the hope that confirmation of the plan will occur and the time for appeal will pass before such provisions are noticed so that debtors and their counsel can then claim *res judicata.* Such a skewed reading of *Andersen* fails to account for the ethical obligations owed by members of the bar to the Court and to each other.

This is particularly true given the volume of chapter 13 filings in this district, and the fact that the Court does not have the time to independently review every chapter 13 plan and confirmation order to determine whether an attempt to unlawfully discharge a student loan obligation is being made. Because the Court has apparently been unable to rely on the ethical conduct of some of the counsel representing chapter 13 debtors appearing before it, the Court, up to this point in time, has been forced to rely on a party in interest other than the debtor to point out those instances in which such student loan discharges have been attempted through plan provisions. Where the Court has become aware of such attempts, either through objections by the student loan creditor or through the inclusion of such a provision in the order confirming the chapter 13 plan, the Court has refused to confirm the plans containing such language, and has stricken language from confirmation orders attempting to effect a discharge of student loan indebtedness in this manner.[6] .

As noted above, any reliance placed by counsel for debtors on the decision of the Tenth Circuit Court of Appeals in *Andersen* to give them *carte blanche* to routinely include student loan discharge provisions in chapter 13 plans and/or confirmation orders is entirely misplaced. The decision in *Andersen* must be read in the context of its particular facts. In *Andersen*, the debtor filed a chapter 13 plan containing language similar to that contained in the plans and/or confirmation orders at issue in these cases. No timely objections to confirmation were filed and the plan in

it failed to file an objection to confirmation of the debtor's plan.

**6.** The Court finds particularly troubling the fact that counsel for debtors in the *Pinson, Morgan* and *Brentlinger* cases failed to include specific language in the confirmation orders presented to the Court that would have provided the Court with at least the opportunity to discover the existence of the offending language in the chapter 13 plans the Court was being asked to confirm. The lack of any such language in the confirmation orders leads the Court to conclude that debtors were also attempting to keep the Court in the dark as to the fact that the plans contained provisions that violated the confirmation requirements of the Bankruptcy Code.

*Andersen* was confirmed. The debtor in *Andersen* completed her plan payments and obtained a discharge. Only after the completion of the plan payments and the debtor's receipt of her discharge did the student loan creditor initiate collection proceedings. Based on these particular facts and on the strong policy in favor of finality, the Tenth Circuit concluded that confirmation of the chapter 13 plan bound the student loan creditor to the plan's treatment of the student loan obligation under the theory of *res judicata*. *See Andersen*, 179 F.3d at 1260.

Unlike *Andersen*, none of the debtors in these cases have completed their plan payments or received their discharges. In fact, the confirmation orders in these cases were all recently entered by the Court. Moreover, had the Court been aware of debtors' attempts to discharge their student loan obligations through their chapter 13 plans prior to confirmation, the Court would not have confirmed these plans and would have required that the offending language be stricken from the plans and/or confirmation orders. This Court reads *Andersen* as applying to a different factual situation in which the creditor simply waited too long to attempt to correct the obvious error committed by the bankruptcy court in confirming the plan containing the offending language. This Court further rejects the contention that in *Andersen* the Tenth Circuit was inviting counsel to intentionally include language in chapter 13 plans seeking to discharge student loan indebtedness in the hope of catching student loan creditors unaware.

The Court's disapproval of this practice should come as no surprise. The Court's research has revealed several cases expressly rejecting the inclusion of student loan dischargeability provisions in a debtor's chapter 13 plan. *See In re Conner*, 242 B.R. 794, 797–99 (Bankr.D.N.H.1999); *In re Evans*, 242 B.R. 407, 409–11 (Bankr. S.D.Ohio 1999); *In re Mammel*, 221 B.R. 238, 239–42 (Bankr.N.D.Iowa 1998). These cases uniformly hold that the dis-

charge of a student loan through a plan provision such as those at issue herein would: (1) defeat the adversary requirements for determining the dischargeability of a student loan debt; (2) fail to satisfy the evidentiary requirements of § 523(a)(8); (3) negate the requirements of § 523(a) and be contrary to the public policy considerations underlying that provision of the Bankruptcy Code; (4) fail to assure that the student loan creditor receives sufficient notice to satisfy due process; and (5) impermissibly shift the burden to raise the issue of dischargeability from the debtor to the student loan creditor. The Court finds compelling the conclusion reached in *In re Mammel, supra*, wherein the United States Bankruptcy Court for the Northern District of Iowa stated:

> The [student loan discharge] provision proposed by Debtor is not only contrary to the provisions of the Code but also to its philosophy. The purpose of the provision is not to pay a proportionate percentage of debt but rather to avoid payment completely. This constitutes a trap for unwary creditors particularly where Debtor has made no showing that he would be entitled to a hardship discharge if put to his proof.

> Ultimately, this type of provision trivializes the entire process and reduces it to a game of chance. If Debtor can obtain confirmation before the creditors, the Court, or the Trustee identify such a provision, the objectionable plan provision is elevated to a status beyond challenge. It is the opinion of this Court that this type of plan provision should be discouraged rather than encouraged under the guise of creativity.

*See In re Mammel*, 221 B.R. 238, 241 (Bankr.N.D.Iowa 1998).

In light of the existing case law concerning the impropriety of the inclusion of such student loan discharge provisions in chapter 13 plans, and the unambiguous language of the Bankruptcy Code and Rules, the Court believes that the inclusion of

such a provision in a chapter 13 plan and/or order confirming a chapter 13 plan is both unethical and sanctionable conduct pursuant to Bankruptcy Rule 9011. Bankruptcy Rule 9011(b) concerns representations made to the Court. It states that by presenting a paper to the Court, an attorney or unrepresented party certifies to the best of his or her knowledge, information and belief, formed after a reasonable inquiry under the circumstances, that the legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. *See* Fed.R.Bankr.P. 9011(b)(2).

Recently, the Bankruptcy Court for the Southern District of Ohio concluded in *In re Evans*, 242 B.R. 407, 411–13 (Bankr. S.D.Ohio 1999), that the inclusion of a plan provision attempting to discharge a student loan constitutes sanctionable conduct pursuant to Fed.R.Bankr.P. 9011 because it is not warranted by existing law or a good faith argument for the extension, modification or reversal of the same. In *Evans*, as in the cases currently before this Court, the debtor's counsel relied on the opinion of the Tenth Circuit Court of Appeals in *Andersen* to support the inclusion of a student loan discharge provision in the debtor's chapter 13 plan. However, the court in *Evans* rejected this contention, noting that the opinion of the Tenth Circuit in *Andersen* expressly stated that the student loan discharge provision at issue violated the Bankruptcy Code and Bankruptcy Rules. *See Andersen*, 179 F.3d at 1259 ("Although the provision at issue did not comply with the Code, it is now too late for ECMC to make the argument that HEAF failed to timely raise.").

The Court agrees with the analysis employed in *Evans*. The decision of the Tenth Circuit in *Andersen* does not constitute a basis under Rule 9011(b)(2) for the inclusion of a student loan discharge provision in a chapter 13 plan. To hold otherwise would effectively mean that, by analogy, a debtor would not be subject to Bankruptcy Rule 9011 sanctions for claiming an exemption that is unfounded in law. *See Evans*, 242 B.R. at 412. As the court in *Evans* correctly states, pursuant to § 522(1) and Fed.R.Bankr.P. 4003(b), the United States Supreme Court has held that an exemption claimed by a debtor to which there is no timely objection is deemed allowed, regardless of the validity of the exemption claimed. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). In response to concern by some that this system is subject to abuse by debtors who might claim an improper exemption in the hope that no timely objection would be raised, the United States Supreme Court responded:

> "Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings. See, e.g., … Rule 9011 … [and] 18 U.S.C. § 152 (imposing criminal penalties for fraud in bankruptcy cases). These provisions may limit bad-faith claims of exemptions by debtors."

*Taylor*, 503 U.S. at 644, 112 S.Ct. at 1648. Accordingly, in an analogous situation in which a debtor claims an improper exemption in the hope that no timely objection will be raised, the United States Supreme Court has noted the availability of sanctions under Rule 9011 to deter such conduct.

The same rule is applicable to the conduct at issue in these cases. The Court refuses to allow counsel for debtors to turn the inclusion of a student loan discharge provision in a chapter 13 plan into a "can't lose" proposition. The Court therefore concludes that *Andersen* provides no protection from the imposition of sanctions under Rule 9011(b) in cases in which a student loan discharge provision is included in a confirmed chapter 13 plan.[7]

---

7. In light of the existing statutory and case law, as well as the contents of this Order,

**324**

### Conclusion

Given that debtors and their counsel in these cases did not have the benefit of the Court's analysis at the time the plans and confirmation orders with the offending language were prepared, the Court is willing to defer its consideration of sanctions, provided counsel in each of these cases files, within ten days of the date of this Order, a modified plan striking the student loan discharge provision, or dismisses or converts the case to one under chapter 7. The Court will approve the modification of each plan, provided such modification does not affect the feasibility of the plan. Further, such modification (or conversion) will be without prejudice to the debtor's ability to bring a proper adversary proceeding seeking the discharge of his or her student loan obligations pursuant to § 523(a)(8) and Fed.R.Bankr.P. 7001(6). Counsel must additionally amend any plans containing similar language in cases currently on file and awaiting confirmation by the Court by striking this language from the plans. Debtors' counsel are directed to certify to the Court, in writing, their compliance with the provisions of this Order within the ten-day period provided to comply with this Order. In the event debtors' counsel herein fail to take the specified actions and certify compliance with this Order within the time-period specified, this Court will conduct a show cause hearing consistent with the requirements of Fed.R.Bankr.P. 9011(c)(1)(B). If a show cause hearing is necessary, counsel and their client(s) will be required to attend.

sanctions would similarly be appropriate in any future case in which a student loan discharge provision is included in either a chapter 13 plan or proposed confirmation order.