**In re Leana Rachele WRIGHT, Daniel Ray Wright, Debtors.**

Nos. 01–4035–RDR, 00–42043–13.

United States District Court,
D. Kansas.

April 29, 2002.

N. Larry Bork, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for appellant.

Michael F. Brunton, Topeka, KS, for appellees.

Jan M. Hamilton, Topeka, KS, trustee.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon an appeal from the bankruptcy court. Educational Credit Management Corporation (ECMC) appeals from a ruling of the bankruptcy court. In that ruling, the bankruptcy court refused to adopt a per se ruling that language in Chapter 13 plans indicating student loan debts would be discharged based on undue hardship would result in automatic imposition of sanctions. The court has carefully reviewed the bankruptcy court's order and the brief filed by ECMC. The debtors did not file a brief.

■ The court has jurisdiction to hear appeals from the bankruptcy courts pursuant to 28 U.S.C. § 158. In deciding such appeals, the court may not set aside the bankruptcy court's findings of fact unless they are clearly erroneous. See *Virginia Beach Federal Sav. and Loan Assoc. v. Wood,* 901 F.2d 849, 851 (10th Cir.1990). The bankruptcy court's conclusions of law are reviewed de novo. *Id.*

The facts are not in dispute. The debtors filed a Chapter 13 bankruptcy petition. In their Chapter 13 plan, the debtors listed a student loan debt of $32,468.00. The plan provided as follows: "Repayment of this debt would work an undue hardship on the debtor and her dependents and will be discharged. The trustee will pay this debt as permitted." ECMC, the holder of the student loan debt, objected to the proposed plan. ECMC argued that well-settled law precluded discharge of student loan debt. ECMC requested that the debtors' statement concerning this debt be stricken from the plan. At the hearing on the objection, ECMC also requested a ruling by the bankruptcy court that any plan in the future containing a request to discharge student loans would be sanctionable. The bankruptcy court agreed that the language in this case must be deleted from the confirmation order, but refused to adopt a per se rule that the inclusion of such language in future plans would be sanctionable.

In this appeal, ECMC contends that the bankruptcy court erred in not imposing a per se rule that all such efforts in Chapter 13 plans in the future would result in the

imposition of sanctions. ECMC relies heavily upon a bankruptcy court decision from the Western District of Oklahoma, *In re Hensley,* 249 B.R. 318 (Bankr.W.D.Okla. 2000), for support of its argument.

■ The law is well settled that student loans cannot be discharged in bankruptcy unless the debtor can prove that excepting the debt from discharge would impose an undue hardship. 11 U.S.C. § 523(a)(8). Despite the state of the law, counsel for debtors have included that language in Chapter 13 plans in the hopes that unwary student loan creditors will not object and the plan will be confirmed. In those circumstances, a majority of courts have enforced the offending plan provisions even though they have acknowledged the provisions may be contrary to the Bankruptcy Code. In *Andersen v. UNIPAC–NEBHELP (In re Andersen),* 179 F.3d 1253 (10th Cir.1999), the Tenth Circuit reached such a conclusion. There, a Chapter 13 plan included a discharge of student loans for undue hardship. The court found that although the debtor had the burden to prove undue hardship and discharge without proof is inconsistent with the Code, it was critical that the creditor failed to properly challenge the plan language. *Id.* at 1257. It concluded that the order of confirmation was res judicata on the issue of hardship. *Id.* at 1259. In reaching this conclusion, the court focused on the strong policy of finality of Chapter 13 confirmed plans. *Id.* at 1258.

Counsel for debtors in this case included language similar to that used in Andersen. The debtors apparently hoped that their plan would be confirmed without objection by ECMC. Thus, their student loans would be discharged with the undue hardship finding included, and they would receive the same benefit as that enjoyed by the debtor in Andersen.

In their request for declaratory relief, ECMC asked the bankruptcy court to rule that the inclusion of this language in subsequent Chapter 13 plans would result in the automatic imposition of sanctions against debtors' counsel. ECMC argued that the decision made by the bankruptcy court in Hensley should be applied in Kansas.

In Hensley, the bankruptcy court determined that the inclusion of language in proposed Chapter 13 plans or confirmation orders providing for the discharge of a debtor's student loan indebtedness is unethical and sanctionable. The court found that "debtors' counsel included these plan provisions in the hope that they would trap an unwary student loan creditor." 249 B.R. at 320. The court determined, however, that it "(would) not permit this type of gamesmanship on the part of debtors and their counsel to continue." *Id.* at 321. The court rejected the argument of debtors' counsel that, in light of the decision in Andersen, their failure to include "undue hardship" provisions in proposed Chapter 13 plans might constitute professional negligence. *Id.* The court stated:

> The Court does not believe that a fair reading of the opinion in Andersen can reasonably lead one to conclude that the Tenth Circuit intended to encourage the practice of intentionally inserting unlawful plan provisions in the hope that confirmation of the plan will occur and the time for appeal will pass before such provisions are noticed so that debtors and their counsel can then claim res judicata. Such a skewed reading of Andersen fails to account for the ethical obligations owed by members of the bar to the Court and to each other.

*Id.* Thus, given the unambiguous language of the Bankruptcy Code and Rules, and existing case law concerning the impropriety of including student loan discharge

provisions in Chapter 13 plans, the court concluded that the inclusion of such provisions in proposed plans and/or confirmation orders was "both unethical and sanctionable conduct." *Id.* at 322–23.

In the decision from which ECMC appeals, the bankruptcy court recognized the impropriety of the plan language dealing with the discharge of student loans where there is no basis for a hardship finding. The court indicated that sanctions would be imposed in such cases. The court stated:

[T]he Court is convinced that, in nearly all factual circumstances, seeking an undue hardship determination at the time of confirmation is inappropriate, and therefore, including an Andersen provision in a plan would likewise be inappropriate. In effect, including such a provision in a plan constitutes an allegation that excepting the debt from discharge will impose an undue hardship on the debtor and the debtor's dependents under the circumstances that will exist in three to five years, not under those at the time the plan is proposed. Debtors and their counsel can properly include Andersen provisions in chapter 13 plans only when it is reasonable to make such an allegation.

The bankruptcy court sustained ECMC's objection to the debtors' attempt to obtain an undue hardship determination through the plan confirmation process. The court, however, refused to adopt a per se rule of sanctions.

The difference between the ruling of the bankruptcy court here and that in Hensley is one of degree. Both courts condemned the practice of filing plans with the aforementioned language. Both courts acknowledged that inclusion of this language was unethical and sanctionable. In Hensley, however, the bankruptcy court took the step of informing bankruptcy counsel that sanctions would be imposed in the future in every instance where such language was included in proposed Chapter 13 plans. The bankruptcy court here was unwilling to go that far. While acknowledging that such language was subject to sanctions, the court indicated that it would examine each individual case to determine if sanctions should be applied.

The bankruptcy court made a reasoned and appropriate analysis of the issue presented by ECMC. The court is persuaded by the reasoning and conclusions reached by the bankruptcy court. As correctly pointed out by the bankruptcy court, the inclusion of these provisions in a plan in the hope that they will trap the unwary student loan creditor should result in the imposition of sanctions. The court, however, does not believe that a per se rule should be adopted. Debtors' counsel are on notice that the filing of plans containing this language will not be allowed unless there is a good faith basis for them. This court believes, as did the bankruptcy court, that these matters can be handled when they arise. "[I]t is perfectly reasonable to expect interested creditors to review the terms of a proposed plan and object if the terms are unacceptable, vague, or ambiguous." *In re Harvey,* 213 F.3d 318, 322 (7th Cir.2000). Accordingly, the ruling of the bankruptcy court shall be affirmed.

**IT IS SO ORDERED.**