In the Matter of Carolyn Lee
PEARSON, Debtor.

Carolyn Lee Pearson, Plaintiff,

v.

U.S. Department of Education and
Educational Credit Management
Corp., Defendants.

Bankruptcy No. 95–30158 RFH.
Adversary No. 99–3051.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

May 21, 2002.

Anne M. Bernstein, Athens, Georgia, for Carolyn Lee Pearson.

Thomas W. Joyce, Macon, Georgia, for Educational Credit Management Corp.

### *MEMORANDUM OPINION IN RESPONSE TO REMAND FROM DISTRICT COURT*

ROBERT F. HERSHNER, Jr., Chief Judge.

The United States District Court for the Middle District of Georgia signed on January 18, 2002,[1] an order of remand with instructions for further proceedings.[2] The United States Bankruptcy Court for the Middle District of Georgia (the "Court") held a hearing on March 19, 2002. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

The issue on remand is whether this Court's discharge order entered on January 15, 1997, was rendered in a manner inconsistent with due process and thus void under Federal Rules of Civil Procedure 60(b)(4).

The material facts are not in dispute and are more fully presented in this Court's memorandum opinion issued on September 1, 2000.[3] A summary of the facts shows that Carolyn Lee Pearson, Plaintiff, obtained a student loan which subsequently was assigned to Educational Credit Management Corp., Defendant. Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on February 23, 1995. The Court entered an order on June 6, 1995, confirming Plaintiff's Chapter 13 plan.

Defendant filed a proof of claim in Plaintiff's Chapter 13 case. Plaintiff filed an objection to Defendant's claim. Defendant did not file a response. The Court entered an order on June 7, 1996, disallowing Defendant's claim.

Plaintiff completed her Chapter 13 plan payments. The Court entered an order on January 15, 1997, discharging Plaintiff from all dischargeable obligations. Defendant was served with the discharge order.[4] Defendant did not file a notice of appeal to the discharge order.[5] The Court entered a Final Decree on January 15, 1997, and Plaintiff's Chapter 13 case was closed.

---

**1.** *Educational Credit Management Corp. v. Pearson,* 2002 WL 77069 (M.D.Ga. Jan.18, 2002).

**2.** *See* Fed.R.Bankr.P. 8013.

**3.** *Pearson v. U.S. Dept. of Education (In re Pearson),* 2000 WL 33682814 (Bankr.M.D.Ga. Sept.1, 2000).

**4.** Defendant received the discharge order on January 21, 1997. *See Defendant ECMC's Brief in Support of Motion for Relief from Discharge Order,* Ex. A (filed May 15, 2000).

**5.** Fed.R.Bankr.P. 8002(a) (notice of appeal shall be filed within 10 days of entry of the order).

Sometime during 1999, Defendant attempted to collect the student loan obligation. Plaintiff filed on July 20, 1999, a motion to reopen her Chapter 13 case. The Court entered an order on August 23, 1999, reopening Plaintiff's Chapter 13 case.

Plaintiff contends that the Court's discharge order discharged her student loan obligation. The discharge order provides, in part, as follows:

### ORDER DISCHARGING DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

The court finds that the debtor filed a petition under title 11, United States Code, on February 23, 1995, that the debtor's plan has been confirmed, and that the debtor has fulfilled all requirements under the plan.

IT IS ORDERED THAT:

1. Pursuant to 11 U.S.C. sec. 1328(c), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. sec. 502, except any debt:

. . . .

c. for a student loan or educational benefit overpayment as specified in 11 U.S.C. sec. 523(a)(8) *in any case in which discharge is granted prior to October 1, 1996;* (emphasis added).

The Court entered Plaintiff's discharge order on January 15, 1997. Under the terms of the discharge order, Plaintiff's student loan obligation was discharged.

The Court's discharge order did not reflect a change in the Bankruptcy Code that was applicable to Plaintiff's Chapter 13 case. Prior to 1990, student loan obligations were dischargeable in Chapter 13 cases. Congress amended section 1328(a)(2) of the Bankruptcy Code, effective November 5, 1990, to provide that most student loans would be nondischargeable in Chapter 13 cases in which the discharges were granted prior to October 1, 1996. Under the "sunset" provision of the amendment, student loans would be dischargeable in Chapter 13 cases in which the discharge order was entered on or after October 1, 1996. Congress repealed the "sunset" provision on July 23, 1992. Simply stated, since November of 1990, most student loans have been nondischargeable in Chapter 13 cases.[6]

The Court used a "form discharge order" to grant Plaintiff's discharge on January 15, 1997. The discharge order was provided to the Court by the Administrative Office of the United States Courts. The Administrative Office did not timely change the discharge order to reflect the repeal of the sunset provision. Thus, the discharge order provided that Plaintiff's student loan obligation was discharged.

The district court affirmed this Court's denial of Defendant's request for relief from the discharge order under Federal Rules of Civil Procedure 60(a) and (b)(6). The district court remanded for this Court to reconsider its denial of relief under Rule 60(b)(4) in light of a decision by the Eleventh Circuit Court of Appeals, *Burke v. Smith,* 252 F.3d 1260 (11th Cir.2001), which was handed down shortly after the Court denied relief under Rule 6(b)(4).

Rule 60(b)(4) provides:

Rule 60. Relief From Judgment or Order

. . . .

---

**6.** When Plaintiff filed her Chapter 13 case, a student loan was dischargeable only if repayment would be an undue hardship or if the loan first came due more than seven years prior to the bankruptcy filing. 11 U.S.C.A. § 523(a)(8) (amended effective October 7, 1998, by deleting the seven-year exception).

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void;

Fed.R.Civ.P. 60(b)(4).

■ There is no time limit for bringing a motion under Rule. 60(b)(4). *See Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1129–31 (11th Cir.1994).

■ A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the parties or of the subject matter, or if the court acted in a manner inconsistent with due process of law. A judgment also is void if the rendering court was powerless to enter the judgment. A Rule 60(b)(4) motion leaves no margin for the court's discretion as the judgment is either void or not. *Burke v. Smith*, 252 F.3d at 1263.

■ Defendant concedes that this Court had personal and subject matter jurisdiction. Defendant contends that the Court's discharge order was inconsistent with due process. Defendant contends that, under due process, the dischargeability of a student loan must be determined through an adversary proceeding [7] rather than simply through a Chapter 13 discharge order. [8]

The district court directed this Court to consider *Burke v. Smith*. In that case, Dennis Burke was killed in a trucking accident. His widow filed a wrongful death action. The plaintiffs were (1) Linda Burke individually as the wife of Dennis Burke, (2) Linda Burke as administratrix of Dennis Burke's estate, and (3) Tammy Burke, Dennis Burke's minor daughter, by and through her mother and next friend, Linda Burke. [9]

The defendants agreed to pay $987,500 to settle the case. Linda Burke signed a release as Linda Burke individually and as administratrix of the estate of Dennis Burke. Tammy Burke did not sign the release, nor did Linda Burke sign in her capacity as Tammy Burke's "next friend." The district court dismissed the complaint with prejudice pursuant to the settlement. The district court did not conduct a fairness hearing regarding Tammy Burke's interest.

After reaching the age of majority, Tammy Burke contended the judgment of dismissal was void under Rule 60(b)(4) because no hearing was held to determine the fairness of the settlement. The Eleventh Circuit agreed and stated:

> *2. Settlement Hearing*
>
> [W]e agree with the district court that it should have conducted a fairness hearing before dismissing Tammy's claims pursuant to the settlement agreement. Under Alabama law, a hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian.

252 F.3d at 1265.

The circuit court also stated:

> Therefore, we hold that Alabama law requiring a fairness hearing in order to

(court granted relief from an identical discharge order).

---

7. *See* Fed.R.Bankr.P. 7001(6) (adversary proceedings include "a proceeding to determine the dischargeability of a debt").

8. *See generally In re McClain*, 2000 WL 33682813 (Bankr.N.D.Ga. Aug.17, 2000)

9. The company that provided worker's compensation insurance to Dennis Burke's employer also was a plaintiff.

bind a minor to a settlement agreement is a matter of state substantive law and was correctly applied in deciding the Rule 60(b)(4) motion. Accordingly, we affirm the district court's finding that the judgment of dismissal was void under Rule 60(b)(4) due to the court's failure to conduct a hearing in the underlying action.

252 F.3d at 1266.

In *Carter v. Fenner*,[10] a city police officer shot and killed Vergil Braud. Nicole Carter filed a complaint on behalf of her minor son, Vergil Carter, and the estate of Vergil Braud. The city agreed to settle the complaint by paying $1,000,000. A consent judgment was signed by Nicole Carter's attorney and the city's attorney. The consent judgment was presented to and filed with the court. That same day, a new mayor and other city officials took office. The new city administration decided to contest the settlement. The new city administration argued that the settlement was void under Rule 60(b)(4) because Nicole Carter had failed to comply with state law requirements to obtain prior state court approval for settling her minor child's claim. The Fifth Circuit agreed and stated, in part:

> Carter failed to follow the remaining statutory requirements for compromising the claim of her son. Namely, she did not seek the prior judicial approval necessary for settling a minor's claim. Thus, the state court was not allowed to exercise its oversight of the minor's interests prior to the confection of the consent judgment. Such a failure is fatal in this context because of the affirmative judicial obligation to review a tutor's requests regarding the protected interests of the minor.

. . .

> The Achilles' heel of [Carter's] situation lies in her failure to obtain state court approval of the settlement agreement *prior* to confecting the federal consent judgment with the City. . . . Because Carter did not obtain the required judicial approval of the settlement agreement from the state court in which she filed her Petition for Small Tutorship, the consent judgment is necessarily of no legal effect.

136 F.3d at 1008.

The Court has also considered *Green Tree Acceptance, Inc. v. Calvert (In re Calvert)*.[11] In that case, the bankruptcy court sent to creditors a notice of the Chapter 13 confirmation hearing that provided, in part, that during the confirmation hearing, the bankruptcy court may, on its own motion, receive evidence of the value of collateral and determine allowed secured claims. Federal Rules of Bankruptcy Procedure 3012 provides, in part, that a court may determine the value of a secured claim after a hearing on notice to the holder of the secured claim.

The Eleventh Circuit held that the general notice given by the bankruptcy court failed to satisfy Rule 3012, which requires specific notice be given that the bankruptcy court will determine the extent to which a claim is secured.

■ Turning to the case at bar, an adversary proceeding includes a proceeding to determine the dischargeability of a debt. Fed.R.Bankr.P. 7001(6). An adversary proceeding is commenced by the filing of a complaint. Fed.R.Bankr.P. 7003. The complaint and summons are then served on the defendant. Fed.R.Bankr.P. 7004.

---

**10.** 136 F.3d 1000 (5th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 591, 142 L.Ed.2d 534 (1998).

**11.** 907 F.2d 1069 (11th Cir.1990).

A Chapter 13 discharge does not discharge a student loan unless repayment would be an undue hardship. 11 U.S.C.A. §§ 523(a)(8), 1328(c). The debtor has the burden of proving that repayment of the student loan would be an undue hardship and thus dischargeable in bankruptcy. *Cooper v. Educational Credit (In re Cooper)*, 277 B.R. 853 (Bankr.M.D.Ga.2002).

■ Plaintiff did not file an adversary proceeding to determine if repayment of her student loan would be an undue hardship. Thus, Defendant had no notice prior to entry of the discharge order that Plaintiff's student loan would be discharged. "The core of due process is the right to notice and a meaningful opportunity to be heard," *LaChance v. Erickson*, 522 U.S. 262, 266, 118 S.Ct. 753, 756, 139 L.Ed.2d 695 (1998).

The Court can only conclude that the Court's discharge order is void as to Defendant because Defendant did not have notice and a meaningful opportunity to be heard prior to the discharge of Plaintiff's student loan.

The Court is persuaded that Defendant's motion for relief from the discharge order should be granted. The Court is persuaded that Defendant did not willfully violate the discharge order by attempting to collect the student loan and that Plaintiff's request for damages should be denied.

An order in accordance with this memorandum opinion will be entered this date.