ELECTRONIC CITATION:  2004 FED App. 0003P (6th Cir.)
File Name:  04b0003p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  STEPHANIE RUEHLE, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHANIE RUEHLE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 03-8066 |
| | ) | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, at Canton
No. 98-62381

Argued:  February 4, 2004

Decided and Filed:  March 17, 2004

Before:  AUG, HOWARD, and LATTA, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Donald M. Miller, Sr., Canton, Ohio, for Appellant.  Daniel S. Fisher, St. Paul, Minnesota, for Appellee.  **ON BRIEF:**  Donald M. Miller, Sr., Canton, Ohio, for Appellant. Frederick S. Coombs III, HARRINGTON, HOPPE & MITCHELL, Youngstown, Ohio, for Appellee.

_____

## OPINION
_____

J. VINCENT AUG, JR., Chief Bankruptcy Appellate Panel Judge. The chapter 13 debtor, Stephanie Ruehle (the "Debtor"), appeals the bankruptcy court's Memorandum of Decision granting the Motion to Vacate Discharge as to Educational Credit Management Corporation (the "Motion to Vacate"). The confirmation order was vacated pursuant to Federal Rule of Civil Procedure 60(b)(4), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024.[1] The bankruptcy court granted the Motion to Vacate on the basis that Educational Credit Management Corporation ("ECMC") was denied due process of law by the Debtor's discharge of her student loan through her plan rather than by filing a separate adversary proceeding. We affirm the bankruptcy court's well-reasoned decision.

## I.  ISSUES ON APPEAL

The issue in this appeal is whether the bankruptcy court erred in vacating its order confirming the Debtor's chapter 13 plan. In our analysis, we must consider whether the provisions of 11 U.S.C. § 1327(a) providing that a confirmed plan is binding on the debtor and creditor are trumped by ECMC's due process rights set forth in the Fifth Amendment to the United States Constitution.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

_____

[1]Hereinafter, references to the Federal Rules of Civil Procedure will be made as "Civil Rule ____" and references to the Federal Rules of Bankruptcy Procedure will be made as "Bankruptcy Rule ____."

*Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

The Panel reviews the bankruptcy court's conclusions of law de novo. *See Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994). "A de novo review allows the reviewing panel to examine the interpretation and application of the relevant statutes independent of the determination of the bankruptcy court." *Peerless Ins. Co. v. Miller (In re Miller)*, 228 B.R. 399, 400 (B.A.P. 6th Cir. 1999) (citation omitted).

"Whether a Chapter 13 plan provision required an adversary proceeding and whether the confirmation process violated a creditor's due process rights are both legal questions we review de novo." *Banks v. Sallie Mae Servicing Corp. (In re Banks)*, 299 F.3d 296, 300 (4th Cir. 2002).

## III. FACTS

The Debtor filed her chapter 13 petition and plan on July 28, 1998. She states in her brief that her chapter 13 petition included one secured debt for an automobile and her unsecured student loan in the amount of $17,000 owed at that time to Bank One/Great Lakes Higher Education Corporation. The Debtor had previously discharged all of her unsecured debt, other than the student loan, in a chapter 7 case that closed a mere two months before she filed her chapter 13 petition. The Debtor's chapter 13 plan included the following provision discharging the Debtor's student loan:

> (16) All timely filed and allowed unsecured claims, including the claim of Bank One/Great Lakes Higher Education, which are government guaranteed education loans, shall be paid five percent (5%) of each claim, and the balance of each claim shall be discharged. Pursuant to 11 U.S.C. Section 523(a)(8), excepting the aforementioned education loans from discharge will impose an undue hardship on the debtor and the debtor's dependents. Confirmation of debtor's plan shall constitute a finding to that effect and that said debt is dischargeable.

As noted by the bankruptcy court, this or similar plan language has become known as a "discharge by declaration" provision.

No objections were filed to the Debtor's plan and it was confirmed on October 16, 1998. Subsequent to confirmation of her plan, the Debtor's student loan was assigned to

ECMC. An order discharging the Debtor was entered on April 27, 2001, and the case was closed on May 1, 2001.

On December 19, 2002, ECMC filed a motion to reopen the case which was granted on December 23, 2002. Thereafter, on January 27, 2003, ECMC filed its Motion to Vacate the Debtor's discharge as to the student loan. In bringing its Motion to Vacate, ECMC relied on Civil Rule 60(b)(4) and (6).

On July 17, 2003, the bankruptcy court granted the Motion to Vacate based on its finding that ECMC had been denied due process of law and that the order granting confirmation of the Debtor's plan was void pursuant to Civil Rule 60(b)(4). The bankruptcy court found that Civil Rule 60(b)(6) was not applicable to the present case. The Debtor filed her timely appeal.

## IV. DISCUSSION

Section 523(a)(8) of the Bankruptcy Code provides:

> A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

Pursuant to Bankruptcy Rules 4007 and 7001(6) an action to determine dischargeability of a debt must be brought as an adversary proceeding.[2] In this case, the Debtor attempted to circumvent the requirements of Bankruptcy Rules 4007 and 7001(6) by discharging her student loan through the above-quoted language in her chapter 13 plan. She further circumvented the requirement that the debtor bear the burden of proving that repayment

---

[2]Part VII of the Bankruptcy Rules deals specifically with adversary proceedings. Bankruptcy Rule 7001(6) provides that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding. Bankruptcy Rule 4007 is titled "Determination of Dischargeability of a Debt" and sets out the parties who may file and the time frame for filing the complaint. Bankruptcy Rule 4007(e) provides that the complaint is "governed by Part VII of the rules" referring back to the adversary procedures.

of the debt would constitute an undue hardship. *Dolph v. Penn. Higher Educ. Assistance Agency (In re Dolph)*, 215 B.R. 832, 836 (B.A.P. 6th Cir. 1998).

Section 1325(a)(1) provides that the bankruptcy court "shall confirm a plan if . . . the plan complies with the provisions of this chapter and with the other applicable provisions of this title." The Seventh Circuit has stated that "[a] bankruptcy court lacks the authority to confirm any plan unless it 'complies with the provisions of this chapter and with the other applicable provisions of this title.'" *In re Escobedo*, 28 F.3d 34, 35 (7th Cir. 1994) (citing § 1325(a)(1)). It is uncontested that the provisions of the Debtor's confirmed chapter 13 plan did not comply with the provisions of the Bankruptcy Code and Bankruptcy Rules in that the Debtor failed to file an adversary proceeding to seek to discharge her student loan. Further, the Debtor's plan did not comply with § 1322(b) setting forth the permitted contents of a chapter 13 plan. Paragraphs (1) through (9) of § 1322(b) include specific matters that may be included in the plan, none of which relate to discharging a student loan. Paragraph (10), the catch-all provision, specifies that the plan may "include any other appropriate provision *not inconsistent with this title*." 11 U.S.C. § 1322(b) (emphasis added). There is no authority in the Bankruptcy Code or Bankruptcy Rules for including a discharge by declaration provision in the Debtor's plan. The provision "is an interloper in the plan; it can have no legal status." *Educ. Credit Mgmt. Corp. v. Whelton (In re Whelton)*, 299 B.R. 306, 312 (Bankr. D. Vt. 2003) (analyzing § 1322 regarding contents of a plan and § 1328(a)(2) specifically excepting student loan debts from the discharge of all debts provided for by the plan). However, since the Debtor's plan was confirmed, we now have to decide whether the discharge by declaration provision is enforceable. *Id*.

Bankruptcy Code § 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

Civil Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding under certain circumstances. The pertinent circumstance here is where "the judgment is void." Fed. R. Civ. P. 60(b)(4).

> Motions under [Civil Rule 60(b)] subsections (4), (5) and (6) may be made within a "reasonable time," which we have determined is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to

opposing party by reason of the delay, and circumstances warranting equitable relief.

*Eglinton v. Loyer (In re G.A.D., Inc.*), 340 F.3d 331, 334 (6th Cir. 2003). "A Rule 60(b)(4) motion leaves no margin for the court's discretion as the judgment is either void or not." *Pearson v. Dept. of Educ. (In re Pearson)*, 279 B.R. 612, 615 (Bankr. M.D. Ga. 2002) (citing *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001)).

> Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, the underlying judgment is void, and it is *per se* an abuse of discretion to deny a movant's motion to vacate.

*Eglinton*, 340 F.3d at 335-36. Likewise, the judgment is void if the court lacked jurisdiction over the affected party because of a lack of notice resulting in a violation of due process and it would be a "*per se* abuse of discretion to deny the movant's motion to vacate." *Id.; see e.g., Pearson*, 279 B.R. at 615 (judgment is void under Rule 60(b)(4) if the court lacked jurisdiction of either the parties or the subject matter).

The Supreme Court of the United States has explained the requirements of due process as follows:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656 (1950) (citations omitted); *see also In re Chess*, 268 B.R. 150, 155 (Bankr. W.D. Tenn. 2001) ("Lack of notice and sufficient service of process leading ultimately to lack of due process properly renders a judgment void."); *In re Harris*, 293 B.R. 438, 441 (Bankr. N.D. Ohio 2003) ("provisions of a confirmed Chapter 13 plan are not binding on creditors to the extent that the confirmation order violates a creditor's due process rights") (citations omitted). The bankruptcy court in *Harris* further stated

> For purposes of § 1327(a), due process requires that notice be given to the creditor that is reasonably calculated, under all of the circumstances, to appraise [*sic*] the creditor that its rights as a creditor may be placed in jeopardy.

*Id.* The Debtor in the case before the Panel cannot argue that the "notice" placed in her plan, where it was not supposed to be in the first place, was notice reasonably calculated to inform ECMC that it was about to lose valuable rights. The Supreme Court has held that "a creditor's knowledge that a reorganization proceeding has been instituted does not make it the creditor's duty to inquire about possible court orders limiting the time for filing a claim." *In re Rideout*, 86 B.R. 523, 527 (Bankr. N.D. Ohio 1988) (citing *City of N.Y. v. New York, N.H. & H.R. R.R.* Co., 344 U.S. 293, 73 S. Ct. 299 (1953)). Similarly, in this case, it was not ECMC's duty to inquire about possible actions instituted by the Debtor that might affect ECMC's student loan where the Debtor failed to properly institute those actions by the methods set forth in the Bankruptcy Code and Bankruptcy Rules. ECMC had a right to expect that it would receive a summons and complaint if its rights were in jeopardy. *Whelton*, 299 B.R. at 318. *But see Andersen v. Higher Educ. Assistance Found. (In re Andersen)*, 179 F.3d 1253 (10th Cir. 1999) and *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083 (9th Cir. 1999) (both cases place the burden on the student loan creditor to review the plan to protect its rights prior to confirmation).

There is no doubt that ECMC has contrary precedent to overcome. The above-noted cases of *Andersen* and *Pardee* represent the current majority view that a confirmed plan containing a discharge by declaration provision is binding on the parties. The facts in *Andersen* and *Pardee* are similar to those in the case before the Panel. In both cases, the Tenth and Ninth Circuits, respectively, found that language in the respective debtor's confirmed plan providing for the discharge of student loans was *res judicata* and was binding on the student loan lenders even though no adversary proceeding had been filed and no summons issued. The circuits also relied on the policy of finality of judgments. Both of the circuits emphasized the duty of the student loan lenders to protect their own rights by objecting to such plan provisions. However, neither circuit looked into the deeper concept of whether the lenders had received notice reasonably calculated to apprise the lenders of the fact that their rights were in jeopardy and neither circuit considered whether the lender's due process rights had in fact been violated. *Andersen* has been characterized by numerous courts as a *"res judicata"* case. *In re Lemons*, 285 B.R. 327, 331 (Bankr. W.D. Okla. 2002). *Pardee* can also be so characterized and both cases can be distinguished from the case before the Panel on that basis. "Even if a discharge-by-declaration provision in a confirmation order was found to be eligible for *res judicata* effect,

it would still need to pass muster under due process analysis in order for it to be enforceable." *Whelton*, 299 B.R. at 317 (citing *Banks*, 271 B.R. at 254 ("[A]n order may not operate as *res judicata* should it result in the denial of a creditor's due process rights.")).

*Andersen* and *Pardee* do not represent binding authority on the courts in the Sixth Circuit. Further, we do not find these cases persuasive but find the reasoning of the Fourth Circuit in *Banks* to be the better-reasoned view. Therefore, we choose to follow the growing trend finding that the student loan lender has been denied due process where a debtor attempts to discharge a student loan through a discharge by declaration provision.

In the wake of *Anderson* and *Pardee*, the practice of using discharge by declaration provisions became very popular. *Banks*, 299 F.3d at 301 ("The number of Debtors seeking to improperly discharge nondischargeable debt increased significantly following the decisions of our sister Circuits in *In re Andersen* and *In re Pardee*."). As indicated in the following discussion, bankruptcy courts and the Fourth Circuit have taken action to send a clear indication of their disapproval of these provisions.

In *Banks*, the Fourth Circuit was faced with a situation similar to the one before the Panel. The debtor, Banks, included language in his chapter 13 plan providing for the nonaccrual and discharge of post-petition interest on the debtor's student loan and that upon discharge, the debtor would be liable only for the unpaid principal balance on his student loan. No objections were filed to the plan nor appeal taken of the confirmation order. Almost five years after the debtor received his discharge, the student loan creditor, ECMC, attempted to collect principal and post-petition interest on the student loan. Banks reopened his chapter 13 case and filed an adversary proceeding relying on the *res judicata* effect of the confirmation order and asking the bankruptcy court to determine that the post-petition interest on his student loans had been discharged.

The bankruptcy court in *Banks* relied on *Andersen* and *Pardee* and held that the confirmation order was *res judicata* and barred ECMC from collecting the post-petition interest. On appeal, the district court reversed the bankruptcy court. The district court, finding that ECMC had not received proper notice due to Banks' failure to file an adversary proceeding, stated:

> "While the Court recognizes that sophisticated lenders such as
> ECMC, Great Lakes, and Sallie Mae should not turn a blind

eye to the confirmation process, . . . neither should they fall victim to a Chapter 13 plan that flouts both bankruptcy law and the constitution."

*Banks*, 299 F.3d 296, 299-300 (quoting *Sallie Mae Servicing v. Banks*, 271 B.R. 249, 255-56 (W.D. Va. 2001)); *see also Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir. 1995) (finding provisions of confirmed plan are not *res judicata* so as to deprive secured creditor of its security interest where debtor failed to file an adversary proceeding as required by Bankruptcy Rule 7001(2)).

The following cases are further examples of the rising judicial concern regarding the increased use of discharge by declaration provisions and the sound reasons why this practice should be strongly discouraged. In each case, the debtors, subsequent to the decision in *Andersen* and/or *Pardee*, included in their chapter 13 plans illegal provisions attempting to discharge their student loans through the confirmation process rather than through an adversary proceeding.

In *In re Mammel*, 221 B.R. 238 (Bankr. N.D. Iowa 1998), the debtor specifically relied on *Andersen* and *Pardee* in asserting that his plan should be confirmed since there was no objection filed by the student loan creditor. However, the trustee filed an objection to the debtor's plan. Interestingly the trustee was willing to withdraw the objection but the court, obviously concerned about the larger due process issue, required briefs and ruled that the plan was not confirmable as presented. The court stated:

> Ultimately, this type of provision [discharge by declaration] trivializes the entire process and reduces it to a game of chance. If Debtor can obtain confirmation before the creditors, the Court, or the Trustee identify such a provision, the objectionable plan provision is elevated to a status beyond challenge. It is the opinion of this Court that this type of plan provision should be discouraged rather than encouraged under the guise of creativity.

*Mammel*, 221 B.R. at 243.

*In re Hensley*, 249 B.R. 318 (Bankr. W.D. Okla. 2000) involved a situation where the bankruptcy court was faced with multiple confirmed chapter 13 plans which all included a discharge by declaration provision. The student loan lenders in each case had filed a motion to dismiss the debtor's chapter 13 plan. The court made clear its view

> that the intentional inclusion of language in a chapter 13 plan or confirmation order providing for the discharge of a debtors

> student loan indebtedness, or of any other provision prohibited by the Bankruptcy Code or Rules, is both unethical and sanctionable conduct.

*Id.* at 320. The court went on to chastise counsel for attempting this type of "gamesmanship" and indicated that it "has no place in the practice of bankruptcy law, and will not be tolerated by this Court." *Id.* at 320-21.

In *Rideout*, the bankruptcy court was also faced with a situation similar to that presented in the case before the Panel. The chapter 11 debtors failed to provide proper notice of the deadline for filing ballots objecting to their proposed plan and failed to provide notice of the hearing on confirmation of the plan. Subsequent to the plan being confirmed, the Hahns, creditors of the Rideouts, filed a motion pursuant to Civil Rule 60(b)(4) requesting that the bankruptcy court vacate the order confirming the plan. The Rideouts objected stating that the time for revoking the plan under 11 U.S.C. § 1144 had passed.

The bankruptcy court in *Rideout* determined that it did not have jurisdiction over the Hahns due to the lack of notice. It therefore determined that the order confirming the Rideouts' plan was void because it deprived the creditor of property rights without notice and an opportunity to be heard. *Rideout*, 86 B.R. at 530. The court stated:

> [T]here is no indication in the legislative history, or in the case law, that the purpose of § 1144 is to preserve a Plan which is void. Instead, it appears Congress intended § 1144 to prevent the Revocation of a Plan based upon a mistake of law or fact. The policy considerations underlying § 1144 do not apply with equal force to the Vacating of a Confirmed Plan because of a lack of notice. Consequently, this Court does not read § 1144 as superseding its power to Vacate the Confirmed Plan under Federal Rule of Civil Procedure 60(b)(4).
>
> It should be noted that throughout this Opinion the Court has used the term "Vacate", rather than "Revoke". The Revocation section, § 1144, is primarily used for *permanent* Revocation of the Plan, and the Discharge, because of fraud. In the present case, the Court's action is Vacating the "Order Confirming Plan", and will only result in the Hearing on Confirmation being reset, with the Court ensuring that the Creditors are given notice of that Hearing. Because the Court is not permanently revoking the Plan, this matter is distinguishable from many of the cases cited by the Rideouts.

*Rideout*, 86 B.R. at 530. Similarly, in this case, the Debtor argues that the bankruptcy court could not revoke its confirmation order pursuant to § 1328(e) because the time for

filing a motion for revocation has passed. However, the bankruptcy court did not revoke the Debtor's plan. As noted above, the order confirming the plan is being vacated pursuant to an entirely different procedure. There are no time limits on vacating an order that is void. The Debtor took her chances in trying to discharge a nondischargeable debt by a process that is inconsistent with the Bankruptcy Code and Bankruptcy Rules. She will not now be permitted to argue that she relied on the confirmation order that she knew contained provisions that were inconsistent with the Bankruptcy Code and Bankruptcy Rules. She must now suffer the consequences of her ill advised actions. In its order, the bankruptcy court vacated the confirmation order only as it related to the Debtor's student loan. The Debtor here still has the option of taking procedures she should have taken several years ago to determine if she is in fact entitled to a discharge of her student loan pursuant to § 523(a)(8). As indicated by the bankruptcy court in *Whelton*:

> Moreover, to enforce the discharge obtained through a declaration in a plan not only deprives the affected creditor of due process, it erodes the bedrock integrity of the bankruptcy system. The inclusion of such a provision in a plan, where it has no legitimacy, constitutes what I have categorized as "practice by ambush." Sneaking a provision in a plan, hoping no one will notice it, and then reaping the benefits of its inclusion violates the fundamental principles of due process and of fair play, and threatens the heart of our legal, adversarial system. Enforcement of the discharge here would be tantamount to condoning a surreptitious strategy that should, in fact, be discouraged with vigor.

*Whelton*, 299 B.R. at 317-18.

In this case, counsel for the Debtor stated that, like the above cases, the instant case was also filed in the wake of *Andersen* and *Pardee* and that those cases justified counsel's belief that the discharge by declaration provision was an appropriate method to discharge the Debtor's student loan. The Debtor's reliance on *Andersen* and *Pardee* is misplaced in that both of those cases clearly indicate that discharge by declaration provisions violate the Bankruptcy Code and Bankruptcy Rules. *Andersen*, 179 F.3d at 1259 (discharge by declaration provision did not comply with the Code); *Pardee*, 193 F.3d at 1086 (discharge by declaration provision is inconsistent with the Code). To counsel's credit, he stated at oral argument that he no longer advises clients to use discharge by

declaration provisions in their plans. Our decision today will put to rest any question as to whether the use of such provisions is appropriate or enforceable in the Sixth Circuit.

## V. CONCLUSION

We choose to follow the Fourth Circuit rather than the Ninth and Tenth Circuits and AFFIRM the decision of the bankruptcy court to vacate its order confirming the Debtor's chapter 13 plan on the basis that ECMC was denied due process by the Debtor's attempted discharge of her student loan through her plan.