In re Craig David HANSON, Debtor.

Craig David Hanson, Appellant,

v.

Education Credit Management Corp., Appellee.

No. 04–C–55–S.

United States District Court, W.D. Wisconsin.

March 31, 2004.

Andre Hanson, pro se.

Jeffrey W. Guettinger Danielson, Guettinger, Richie & Manydeeds, S.C., Eau Claire, WI, Julie K. Swedback, Saint Paul, MN, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Debtor Craig David Hanson appeals from the final order of the Bankruptcy Court vacating that portion of a discharge order which discharged student loans he owed to Appellee Education Credit Management Corp.[1]

**1.** For purposes of this opinion references to "appellee" encompass both Education Credit

## BACKGROUND

On November 27, 1992 debtor filed a Chapter 13 bankruptcy petition listing his $35,000 student loan obligation to appellee as his only unsecured debt. On January 4, 1993 the Bankruptcy Court confirmed the debtor's plan which provided for $135 monthly payments to appellee for five years. On April 8, 1993 the Bankruptcy Court approved appellee's claim in the amount of $31,530. Debtor completed all payments under the plan and on September 11, 1997 the Bankruptcy Court entered a discharge order which provided in part:

1. Pursuant to 11 U.S.C. Section 1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. Section 502, except any debt:

. . . .

(c) for a student loan or educational benefit overpayment as specified in 11 U.S.C. Section 523(a)(8) in any case in which the discharge is granted prior to October 1, 1996 . . .

The language of section (c) was included because the outdated discharge order form reflected a sunset provision for § 523(a)(8) which had been repealed by Congress. No adversary proceeding was initiated at any point in the case.

On May 9, 2003 appellee moved the Bankruptcy Court for relief from the discharge order pursuant to Rule 60(b)(4), Fed.R.Civ.P., (made applicable by Rule of Bankruptcy Procedure 9024) on the basis that the order was void as the Bankruptcy Court was without jurisdiction to enter it and its entry violated appellee's due process rights. On December 12, 2003 the Bankruptcy Court granted appellee's motion and ordered entry of a modified discharge order excepting appellee's debt

Management Corp. and its predecessor in interest, Great Lakes Higher Education Corp.

from discharge. Debtor took this timely appeal.

## MEMORANDUM

The parties agree that the appeal presents an issue of law which this Court reviews de novo. The Court now affirms the Bankruptcy Court and its conclusion that the erroneous discharge of the debtor's student loan was void.

▮▮ Rule 60(b)(4) permits relief from judgment where the original judgment is void. A judgment is void if its entry was inconsistent with due process of law, *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir.2000), or if it was not within the powers granted to the court by the applicable law. *United States v. Indoor Cultivation Equipment*, 55 F.3d 1311, 1316 (7th Cir.1995). When a judgment is void for one of these reasons it is a *per se* abuse of discretion to deny relief. *Id.* at 1317. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Appellee had no notice or opportunity to be heard on the dischargeability of its debt. At the time debtor filed his petition and at all times prior to the discharge order § 523(a)(8) of the bankruptcy code excepted student loans from discharge except where denying a discharge would impose undue hardship on the debtor. Pursuant to Bankruptcy Rule 7001(6) any determination of dischargeability required an adversary proceeding at which debtor bears the burden to prove undue hardship. No such hearing was held or requested, the debtor made no showing or suggestion of undue hardship and the Bankruptcy Court made no determination of undue hardship. The debtor's plan contained no suggestion of undue hardship nor did it provide that the remaining balance of the student loan would be discharged. In truth, neither the debtor, the appellee nor the Bankruptcy Court had prior notice that the student loan would be discharged—it was discharged because the clerk used an outdated form.

▮▮ Debtor argues that the discharge order itself constitutes sufficient due process because it triggered a right to appeal. Due process, however, requires notice and an opportunity to be heard *prior* to deprivation of property. *Mullane*, 339 U.S. at 313, 70 S.Ct. 652; *Fuentes v. Shevin*, 407 U.S. 67, 82, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The discharge order itself deprived appellee of its right to collect its loan and nothing prior to it gave notice of an intent to seek a discharge of the unpaid loan balance. Contrary to defendant's argument the plan itself did not provide notice. As previously stated there is nothing explicit in the plan which suggests undue hardship or dischargeability. Rather, the plan was proposed in the hope that § 323(a)(8) would be repealed prior to completion of the plan and the student loan debt would be rendered dischargeable. As a result, appellee had no basis to object to the plan and no reason to believe that the debt would be discharged absent a change in the law.

The Fourth Circuit Court of Appeals recently held that due process requirements for the discharge of a student loan are satisfied only by initiation of an adversary proceeding. *In re Banks*, 299 F.3d 296, 303 (2002). *Banks* created a circuit split with the Ninth and Tenth Circuits, both of whom had overruled creditor challenges to student loan discharges on the basis that express provisions in a confirmed plan purporting to discharge the

loans were sufficient to foreclose a creditor challenge even in the absence of an adversary proceeding. *Andersen v. UNIPAC–NEBHELP (In re Andersen)*, 179 F.3d 1253 (10th Cir.1999); *Great Lakes Higher Educ. Corp v. Pardee (In re Pardee)*, 218 B.R. 916 (9th Cir. BAP 1998), *aff'd* 193 F.3d 1083 (9th Cir.1999). Neither *Andersen* nor *Pardee* expressly addressed due process requirements. It appears that *Banks* is the better rule of law and it has attracted a growing number of cases to its position. *See Ruehle v. Educational Credit Management Corp. (In re Ruehle)*, 307 B.R. 28 (6th Cir. BAP 2004) (rejecting the *Andersen/Pardee* "discharge by declaration" analysis and collecting similar cases).

Notwithstanding the greater persuasive force of the *Banks* analysis, this Court need not expressly adopt it to resolve the present matter because, unlike *Andersen* and *Pardee*, this debtor did not include a plan provision which purported to find undue hardship or discharge the debt. Not only was no adversary proceeding initiated, no notice of any kind was provided to appellee which would have served as notice of the impending discharge or provided an opportunity to object. The discharge order was void because its entry was inconsistent with the requirements of due process and the Bankruptcy Court properly afforded relief to appellee under Rule 60(b)(4).

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court granting appellee Education Credit Management Corp. relief from the September 11, 1997 discharge order is AFFIRMED.