**In re Sonia Thatcher WALTON, Debtor.**

**No. 05–29373.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

April 19, 2006.

See also 2006 WL 1030416.

Jeffrey L. Mastin, Indianapolis, IN, for Debtor.

## MEMORANDUM AND ORDER SUSTAINING EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S OBJECTION TO CONFIRMATION

FRANK J. OTTE, Bankruptcy Judge.

This matter is before the Court on the Objection to Confirmation, filed by Educational Credit Management Corporation ("ECMC"), assignee of the United States Department of Education pursuant to FED. R.BANKR.PRO. 3015.

The Debtor is indebted to ECMC pursuant to various student loan notes, pursuant to which the Debtor financed her post-secondary education at IUPUI. The Loans are for an educational loan made, insured or guaranteed by a governmental unit and as such are non-dischargeable obligations under sections 523(a)(8) and 1328(a)(2) of the United States Bankruptcy Code, Title 11 United States Code, section 101 *et seq.* (the "Bankruptcy Code"). The Debtor filed her petition under chapter 13 of the Bankruptcy Code on October 14, 2005. The Debtor has filed various chapter 13 plans, the latest of which (the "Plan") provides that after payment of approximately $20,600 of the Loans the "[b]alance of student loan will be discharged upon completion of plan payments." *See Plan,* § 8 (the "Illegal Plan Provision").

To the extent the Illegal Plan Provision attempts to direct the application of trustee payments first towards ECMC's principal claim and then to the remainder of the Loans, the Illegal Plan Provision violates 34 C.F.R. § 682.404(f), which requires ECMC to apply payments made on the Loans "first to the collection costs ... then to other incidental charges, such as late charges, then to accrued interest and

then to principal." *See generally Kielisch v. Educational Credit Mgmt. Corp.,* 258 F.3d 315, 320–321 (4th Cir.2001).

 To the extent the Illegal Plan Provision seeks to discharge the Loans (or any portion thereof) in the absence of a judgment of this Court in a ripe adversary proceeding, such provision violates section 1328(a)(2), which provides that a chapter 13 discharge granted under section 1328 of the Bankruptcy Code does not provide a discharge "for any debt ... of the kind specified in paragraph (5), (8), or (9) of section 523(a) of this title." The Loans constitute a debt of the kind specified in paragraph (8) of the Bankruptcy Code. Thus, the Plan does not comply with the provisions of chapter 13 of the Bankruptcy Code.

Under section 1325(a)(1), this Court will not confirm the Plan unless "the plan complies with the provisions of this chapter and with other applicable provisions of this title." Because of the Illegal Plan Provision, the Plan fails to comply with the provisions of the Bankruptcy Code, which prohibits confirmation of the Plan.

The Seventh Circuit recently summarized its disdain for these sorts of provisions:

> A number of student loan debtors have circumvented this process by inserting undue hardship findings or student loan or loan interest discharge provisions in their proposed plans. *See, e.g., In re Banks,* 299 F.3d 296 (4th Cir.2002); *In re Ruehle,* 307 B.R. 28 (6th Cir. BAP 2004). Apparently, the hope is that an unsuspecting bankruptcy court will confirm the plan and that the lender will not recognize the discharge by declaration ploy in time to object to confirmation or to file an appeal. The result is contrary to the express language of the Bankruptcy Code and Rules: The debtor obtains a discharge of his student loan debt without filing an adversary proceeding to establish undue hardship.

*In re Hanson,* 397 F.3d 482, 484–485 (7th Cir.2005).

THEREFORE, THIS COURT ORDERS AS FOLLOWS:

1. ECMC's Objection to Confirmation is sustained in all respects.

2. The Illegal Plan Provision is hereby stricken from the Plan and the Debtor shall not submit a subsequent chapter 13 plan that includes the Illegal Plan Provision.